IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| RHETT CAVIEL, MORGAN L. JACKSON, HEWEN P. HUMPHREY, III, MARTHA HUMPHREY McQUEEN, HOMER HUMPHREY, LEO C. HUMPHREY, FRANK HUMPHREY, BARABARA J. HUMPHREY ARMSTEAD, and THE UNKNOWN HEIRS AT LAW OF ANTHONY R. HUMPHREY, DECEASED, | § § § § § § § § § § § | Civil Action No. 4:22-cv-02747 |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Bank of America, N.A. ("Plaintiff" or "BANA") files this, its Original Complaint, complaining of Defendants Rhett Caviel, Morgan L. Jackson, Hewen P. Humphrey, III, Martha Humprey McQueen, Leo C. Humphrey, Frank Humphrey, Barbara J. Humphrey Armstead, and the Unknown Heirs at Law of Anthony R. Humphrey, Deceased (the "Unknown Heirs" and together with all other Defendants, "Defendants"), and respectfully shows the Court as follows:

### I. PARTIES

1. Plaintiff is appearing through its undersigned counsel for record.

2. Rhett Caviel is an individual and citizen of Texas, who may be served at his current residence, 7818 Montilla CT, Houston, TX 77083-6757, or such other place as he may be located. Summons is requested.

3. Morgan L. Jackson is an individual and citizen of Texas, who may be served at his

current residence, 321 Darst Road, Kendleton (Beasley), Texas 77451, or such other place as he may be located. Summons is requested.

4. Hewen P. Humphrey, III, is an individual and citizen of Texas, who may be served at his current residence, 5430 Heron Drive, Houston, Texas 77033, or such other place as he may be located. Summons is requested.

5. Martha J. Humphrey McQueen, is an individual and citizen of Texas, who may be served at her current residence, which is 7204 Town Center Blvd., Apt. 1211, Rosenberg, Texas 77471-63340, or such other place as she may be located. Summons is requested.

6. Homer Humphrey is an individual and citizen of Texas, who may be served at his current residence, Rt. 3, Box 491, Wharton, Texas 77488, or such other place as he may be located. Summons is requested.

7. Leo C. Humphrey is an individual and citizen of Texas, who may be served at his current residence, 810 Darst Road, Beasley, Texas 77417, or such other place as he may be located. Summons is requested.

8. Frank Humphrey is an individual and citizen of Texas, who may be served at her current residence, 12011 Mayo Road, Wallis, Texas 77485, or such other place as he may be located. Summons is requested.

9. Barbara J. Humphrey Armstead is an individual and citizen of Texas, who may be served at her current residence, 1037 Darst Road, Beasley, TX 77417-9524, or such other place as she may be located. Summons is requested.

10. Upon information and belief, Anthony R. Humphrey died in or around July 2018. Pursuant to Texas Estates Code sections 101.001 and 101.051, the heirs at law or devisees ("Heirs") of Anthony R. Humphrey, Deceased ("Decedent"), whether known or unknown,

acquired all of Decedent's estate, including an undivided interest in the property that is the subject of this action, immediately upon his death. Each Heir is made a party in this proceeding pursuant to Texas Civil Practice and Remedies Code section 17.002. If Decedent had Heirs who have an interest in the Property but whose identity and whereabouts are unknown, Plaintiff makes them a party under Texas Civil Practice and Remedies Code section 17.004. The Unknown Heirs may be served by publication. *See* TEX. R. CIV. P. 109, 111, 113; *accord* FED. R. CIV. P. 4(e)(1). Summons is requested.

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

12. Plaintiff is a national association with its principal place of business and main office in North Carolina. Plaintiff is therefore a citizen of North Carolina. *See Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that a national bank is a citizen of the state in which its main office is located).

13. Defendants are each individuals and citizens of the state of Texas.

14. Plaintiff is the owner of certain real property and improvements located at 1820 Darst Road, Beasley, Texas 77417 acquired at a foreclosure sale. When a party seeks equitable, declaratory, or injunctive relief, "'the amount in controversy is measured by the value of the object of the litigation.'" *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt. v. Wash. State Apple Adver. Comm.*, 432 U.S. 333, 347, 97 S. Ct. 2434 (1977). The value of the property exceeds $75,000.00 in the present case. Fort Bend County Appraisal District currently values the Property at $126,030.00.

15. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division under 28 U.S.C. Section 1391(a)(2) because a substantial part of the events and omissions that give rise to the controversy occurred in this Division and District. Plaintiff, or its predecessors in interest, and Defendant entered into a contract in this Division and District, and the Property is located in Fort Bend County, Texas, which is within this Division and District.

### III. FACTS

16. On or about October 25, 1951, George A. Martin and Willie V. Martin conveyed certain real property to Hewen Humphrey and Cora Humphrey (the "Humphreys"), and a Correction Deed was filed for record in the Fort Bend County, Texas property records as Instrument No. 72141, a true and correct copy of which is attached hereto as **Exhibit A**. The property, a 2.0-acre tract, was described as:

> Two (2) acres of land, being a part of the Elizabeth Powell League in Fort Bend County, Texas, and being the East Two (2) acres of a 20 acre tract of land, such 20 acre tract of land being described as follows:
>
> The East 20 acres of that certain 74 acres of land situated in Fort Bend County, Texas, and being a part of the Elizabeth Powell League and described in a deed from R. M. Martin, Et Al to George Martin, which is recorded in the Deed Records of Fort Bend County, Texas, in Volume 136, Page 134; and is also described in a deed from R. H. Darst to R. M. Martin and Oscar Martin which is recorded in the Deed Records of Fort Bend County, Texas, in Book 78, commencing on Page 352.
>
> The said Two (2) acres shall extend the full width of the said 20 acres; that is, from the Northwest line to the Southeast line and shall have for its Northeast line the Northeast line of said 20 acre tract and shall extend Southwest for area.

(the "Humphrey Tract").

17. On or about January 5, 1984, the Humphreys executed a General Warranty Deed conveying a portion of the Humphrey Tract to Martha McQueen. The General Warranty Deed was

filed for record in the Fort Bend County, Texas property records in Book 2384, Page 2577 in Instrument No. 9214579 on March 16, 2016. A true and correct copy of the General Warranty Deed is attached hereto as **Exhibit B**. The General Warranty Deed described the following parcel, containing approximately 2.02 acres:

> Being a tract of land 80 feet in width by 110 feet in length out of the Northeast corner of a 2 acre tract of land situated in the Elizabeth Powell League, Abstract 71, Fort Bend County, Texas, said 2 acre tract being that same tract of land which is described in a Deed of Trust dated November 24, 1959, which was executed by Hewen Humphrey, et ux, to Paul Scherer, Trustee, for the use and benefit of A. J. Henderson, which Deed of Trust was recorded in Volume 107, Page 145 of the Deed of Trust Records of Fort Bend County, Texas, to which refer in aid hereof, this 80 foot by 110 foot tract being more particularly described by metes and bounds as follows, to-wit:
>
> BEGIN at the Northeast corner of said 2 acre tract, in the Southwest line of Darst Road;
>
> THENCE Southwesterly along the Northwest line of said 2 acres for a distance of 110 feet to a point for the Northwest corner of this tract;
>
> THENCE in a Southeasterly direction parallel with and 110 feet distant from the Southwest line of Darst Road, for a distance of 80 feet to a point for the Southwest corner of this tract;
>
> THENCE in a Northeasterly direction, parallel with and 80 feet distant from the Northwest line of said 2 acre tract for a distance of 110 feet to a point in the Southwest line of Darst Road for the Southeast corner of this tract;
>
> THENCE Northwesterly with the Southwest line of Darst Road for a distance of 80 feet to the PLACE OF BEGINNING.

(the "McQueen Tract").[1]

18. The Humphreys are both deceased. Affidavits of Heirship were recorded in the Fort Bend County real property records for each of them on December 8, 2005 under Instrument Nos. 2005148478 (Cora Humphrey) and 2005148479 (Hewen Humphrey), true and correct copies of which are attached hereto as **Exhibit C**.

---

[1] Upon information and belief, the McQueen Tract is now in the name of Antonio Luna pursuant to a General Warranty Deed dated May 8, 2020 and recorded in Fort Bend County real property records under Instrument No. 2020053660.

19. Cora Humphrey had one son from a previous marriage, Morgan L. [Powell] Jackson.

20. Hewen Humphrey had son from a previous marriage, Ennis Boyd Humphrey. Ennis Boyd Humphrey died in 2016. Ennis Boyd Humphrey had one child, Anthony Humphrey. Upon information and belief, Anthony Humphrey died in 2018. Anthony Humphrey's unknown heirs are made a party hereto.

21. The Humphreys had seven (7) surviving children of their marriage: Hewen P. Humphrey, III, Lillian Humphrey-Caviel, Martha Humphrey McQueen, Homer Humphrey, Leo C. Humphrey, Frank Humphrey, and Barbara J. Humphrey Armstead. Each are made a made a party hereto.

22. On or about December 4, 2005, Morgan L. Jackson, Hewen P. Humphrey, III, Lillian Humphrey Caviel, Martha Humphrey McQueen, Homer Humphrey, Leo C. Humphrey, Frank Humphrey, and Barbara J. Humphrey Armstead executed a Warranty Deed in favor of Lillian Humphrey-Caviel, which was filed for record in the Fort Bend property records under Instrument No. 2005148480. The legal description of the property being conveyed was later corrected by a Warranty Deed filed for record in the Fort Bend property records under Instrument No. 2006002093 (the "Corrected Warranty Deed"), a true and correct copy of which is attached hereto as **Exhibit D**.

23. Ennis Humphrey, who did not sign the original Warranty Deed to Lillian Humphrey-Caviel, also executed the Warranty Deed at this time, and such was filed for record in the Fort Bend property records under Instrument No. 2006002092 (the "Ennis Deed"), a true and correct copy of which is attached hereto as **Exhibit E**. The property conveyed in the Corrected Warranty Deed and Ennis Dee, comprised of approximately 2.39 acres, is described as follows:

> A tract of land 80 feet by 130 feet out of the Elizabeth Powell League, Abstract 71, Fort Bend County, Texas, and being a part of Lot 7 of the original Kendall Subdivision of the upper portion of said Powell League, and being out of the Hewen Humphrey et ux 2 acre tract of land described in correction deed from George A. Martin et ux to Hewen Humphrey et ux, recorded Volume 289, page 294, Fort Bend County Deed Records and being more particularly described by metes and bounds as follows, to-wit:
>
> BEGIN at a point in the Southwest right-of-way line of Darst Road at a point in the Northeast line of said Humphrey 2 acre tract, said point of beginning being Northwesterly a distance of 80 feet along said Southwest line of Darst Road from the Southeast corner of said Humphrey 2 acre tract;
>
> THENCE South 29° 56' 20" East with the Southwest right-of-way line of Darst Road for a distance of 80 feet to a point for corner, being the Southeast corner of this tract and also being the Southeast corner of said Hewen Humphrey et ux 2 acre tract;
>
> THENCE South 58° 51' 10" West along the Southeast line of said Humphrey 2 acre tract for a distance of 130 feet to a point for the Southwest corner of this tract;
>
> THENCE North 29° 56' 20" West, parallel with the Southwest right-of-way line of Darst Road and the Northeast line of this tract for a distance of 80 feet to a point for corner;
>
> THENCE North 58° 51' 10" East, parallel with the Southeast line of this tract and the Southeast line of said Humphrey 2 acre tract, for a distance of 130 feet to the Place of Beginning, the tract described hereby being a tract 80 feet by 130 feet out of the Southeast corner of said Humphrey 2 acre tract.

(the "Caviel Tract").

24. On or about October 5, 2010, Lillian Caviel, now deceased, obtained a home equity conversion (reverse mortgage loan) in the original principal amount of $181,500.00. A true and correct copy of the Fixed Rate Note is attached hereto as **Exhibit F**. The Note was secured with a Fixed Rate Home Equity Conversion Deed of Trust (the "Deed of Trust" and together with the Note, the "Loan"), which was recorded in the Fort Bend County property records under Instrument No. 2001102356, a true and correct copy of which is attached hereto as **Exhibit G**. The Deed of Trust granted Plaintiff a first lien on the real property and improvements located at 1820 Darst Road, Beasley, Texas 77417, also known as the Caviel Tract. The legal description of the Caviel Tract was as amended to read as follows in the Deed of Trust:

BEING A 0.24 ACRE TRACT OF LAND SITUATED IN THE ELIZABETH POWELL LEAGUE (4,428 ACRES), ABSTRACT NO. 71 FORT BEND COUNTY, TEXAS, BEING ALL THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO LILLIAN F. HUMPHREY-CAVIEL, AS RECORDED IN INSTRUMENT NO. 2006002093, DEED RECORDS OF FORT BEND COUNTY, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: COMMENCING AT A FOUND 1/2-INCH IRON PIPE AT THE NORTH CORNER OF THAT CERTAIN 110 BY 80 FEET TRACT OF LAND DESCRIBED IN DEED TO MARDRA A. DAWSON, AS RECORDED IN INSTRUMENT NO. 2004061079, SAID DEED RECORDS, SAID IRON ROD BEING ON THE SOUTHWEST LINE OF DARST ROAD; THENCE SOUTH 29 DEGREES 56 MINUTES 20 SECONDS EAST (BEARING BASE FROM AFORESAID DEED 2006002093), PASSING A FOUND 1/2-INCH IRON ROD AT A DISTANCE OF 60.70 FEET AND CONTINUING A TOTAL DISTANCE OF 245.00 FEET TO THE POINT OF BEGINNING AND NORTH CORNER OF AFORESAID CAVIEL TRACT; THENCE SOUTH 29 DEGREES 56 MINUTES 20 SECONDS, EAST A DISTANCE OF 80.00 FEET ALONG SAID SOUTHWEST LINE TO THE EAST CORNER OF SAID CAVIEL TRACT, FROM WHICH A CHAIN LINK FENCE CORNER BEARS SOUTH 18 DEGREES 27 MINUTES WEST, A DISTANCE OF 7.2 FEET; THENCE SOUTH 58 DEGREES 51 MINUTES 10 SECONDS WEST, A DISTANCE OF 130.00 FEET ALONG THE SOUTHEAST LINE OF SAID CAVIEL TRACT TO THE SOUTH CORNER OF SAID TRACT, FROM WHICH A CHAIN LINK FENCE CORNER BEARS SOUTH 58 DEGREES 51 MINUTES 10 SECONDS WEST, A DISTANCE OF 111.0 FEET; THENCE NORTH 29 DEGREES 56 MINUTES 20 SECONDS WEST, A DISTANCE OF 80.00 FEET ALONG THE SOUTHWEST LINE OF SAID CAVIEL TRACT TO THE WEST CORNER OF SAID TRACT; THENCE NORTH 58 DEGREES 51 MINUTES 10 SECONDS EAST, A DISTANCE 130.00 FEET ALONG THE NORTHWEST LINE OF SAID CAVIEL TRACT TO THE POINT OF BEGINNING AND CONTAINING 10,398 SQUARE FEET OR 0.24 OF ONE ACRE OF LAND.

A copy of the Survey with revised legal description of the Caviel Tract completed on September 23, 2010 is attached hereto as **Exhibit H**.

25.  With the conveyance of the McQueen Tract and the Caviel Tract, there is approximately 1.559 acres remaining in the original Humphrey Tract (the "Remaining Tract").

26.  Lillian Caviel purported to convey the Caviel Tract to her son, Rhett F. Caviel by virtue of a Quitclaim Deed filed for record in the Fort Bend County property records under Instrument No. 2017048243.

27.Lillian Caviel solely purported to covey the Remaining Tract to Rhett Caviel by a Quitclaim Deed filed for record in the Fort Bend County property records under Instrument No. 2017069856.

28.Lillian Caviel defaulted on the Loan, and it was foreclosed. The Caviel Tract was sold to Plaintiff on January 4, 2022. A Foreclosure Sale Deed was filed for record in the Fort Bend County property records under Instrument No. 2022005291, a true and correct copy of which is attached as **Exhibit I**.

29.After the foreclosure, Plaintiff discovered the septic tank servicing the home on the Caviel Tract, as well as the propane tank, are located on the Remaining Tract.

30.Lillian Caviel died on May 30, 2022. Defendant Rhett Caviel is her son and heir.

31.For informational purposes, the Fort Bend County Appraisal District describes the Caviel Tract under reference number R37531 and the Remaining Tract under reference number R37563.

32.So that Plaintiff may proceed with transferring full use and title to the Property, it seeks: (1) a declaration the Deed of Trust included and the lien covered the Remaining Tract as an appurtenance to the Caviel Tract; and (2) reformation of the Deed of Trust, Foreclosure Sale Deed to include the full and correct legal description of the Caviel Tract and Remaining Tract.

### IV. CAUSE OF ACTION: DECLARATORY JUDGMENT APPURTENANCE / FIXTURE

33.The foregoing paragraphs are incorporated by reference for all purposes.

34.The Deed of Trust expressly extends to all improvements, fixtures, and appurtenances on the property, from the date the Loan was executed to present.

35.Plaintiff seeks a declaration the Deed of Trust encumbered the adjoining Remaining Tract and improvements thereon.

## V. CAUSE OF ACTION: REFORMATION

36. The foregoing paragraphs are incorporated by reference for all purposes.

37. Based on a mapping of the Property, the filings in the official property records of Fort Bend County, Texas, the Fort Bend County Appraisal District parcel identification, and the intention of the parties, the legal description should be reformed in the Deed of Trust, Foreclosure Sale Deed, and any other related and necessary filings in the chain of title for the encumbered property to include and describe the Caviel Tract and the Remaining Tract.

38. The legal description of the Property did not include the septic tank, propane tank, and the parcel on which it sits. Such was a mistake, and Plaintiff is entitled to a reformation of the legal descriptions in the above-referenced filings to contain the Remaining Tract in addition to the Caviel Tract as already described therein.

39. All conditions precedent have been performed or have occurred.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer, and that, upon final hearing, the Court: (1) declare that the Deed of Trust encumbered the Remaining Tract as well as the Caviel Tract; (2) reform the deeds and instruments of record to include the full legal description for the Remaining Tract in addition to the revised description of the Caviel Tract already contained therein; and (3) grant Plaintiff all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District of Texas Bar No. 21340
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas  75254
Telephone:  (214) 635-2650
Facsimile:  (214) 635-2686

*Attorneys for Plaintiff*