# EXHIBIT A

JOINT ACKNOWLEDGMENT

THE STATE OF TEXAS
COUNTY OF Harris

appeared Thurwall Jones and wife Irene S. Jones
known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they
executed the same for the purposes and consideration therein expressed; and the said Irene S. Jones wife
wife of said Thurwall Jones having been examined by me privily and apart from her husband,
and having the same fully explained to her, the said Irene S. Jones acknowledged said
instrument to be her act and deed and declared that she had willingly signed the same for the purposes and consideration therein
expressed, and that she did not wish to retract it.

BEFORE ME, the undersigned authority, on this day personally

Given under my hand and seal of office this the 5th day of November A.D. 19 51

S. M. Borry

Notary Public in and for Harris County, Texas.

SINGLE ACKNOWLEDGMENT

THE STATE OF TEXAS
COUNTY OF Fort Bend

appeared Mattie McCray known to me to be the
person whose name is subscribed to the foregoing instrument and acknowledged to me that she/he executed the
same for the purposes and consideration therein expressed.

BEFORE ME, the undersigned authority, on this day personally

Given under my hand and seal of office this the 5 day of November A.D. 195 1

Walton S Roberts

Notary Public in and for Fort Bend County, Texas.

Filed for Record on the 5 day of November A.D. 19 51 at 3:30 o'clock P.M.

Duly Recorded this the 12 day of November A.D. 1951 at 11:30 o'clock A.M.

Instrument No. 72141

WINONA SCHENDEL, County Clerk
Fort Bend County, Texas

By_____Deputy

GEORGE A. MARTIN, ET UX
      TO   : 72142
HEWEN HUMPHREY, ET UX                    CORRECTION DEED


THE STATE OF TEXAS   )
                     *
COUNTY OF FORT BEND  )


        THIS INDENTURE, made this 25th day of October, A.D.,

1951, by and between George A. Martin and wife, Willie V.

Martin, of the County of Fort Bend, State of Texas, Party of

the First Part, and Hewen Humphrey and wife, Cora Humphrey, of

the County of Fort Bend, State of Texas, Party of the Second

Part, WITNESSETH:

        WHEREAS, the Party of the First Part, did, on or

about the 18th day of March, A.D., 1948, execute to the Party

of the Second Part, for the consideration therein mentioned, a

conveyance of certain lands situated in Fort Bend County, Texas,

and hereinafter more particularly described, which said convey-

ance is recorded in Volume 274, Page 72 of the Deed Records of
Fort Bend County, Texas;

AND, WHEREAS, in said conveyance, by mistake, the
description of the two (2) acre tract conveyed by such deed was
incorrectly set out;

AND, WHEREAS, to prevent further difficulties here-
after, it is expedient to correct said error:

NOW, THEREFORE, this indenture witnesseth, that the
Party of the First Part, in consideration of the premises and

of One Dollar to him paid by the Party of the Second Part,
hereby grants, sells, conveys and confirms unto the Party of
the Second Part, their heirs and assigns, forever, all of that
certain tract of land described as follows, to-wit:

Two (2) acres of land, being a part of the Elizabeth
Powell League in Fort Bend County, Texas, and being the East
Two (2) acres of a 20 acre tract of land, such 20 acre tract
of land being described as follows:

The East 20 acres of that certain 74 acres of land
situated in Fort Bend County, Texas, and being a part of the
Elizabeth Powell League and described in a deed from R. M.
Martin, Et Al to George Martin, which is recorded in the Deed
Records of Fort Bend County, Texas, in Volume 136, Page 134;
and is also described in a deed from R. H. Darst to R. M. Martin
and Oscar Martin which is recorded in the Deed Records of Fort
Bend County, Texas, in Book 78, commencing on Page 352.

The said Two (2) acres shall extend the full width
of the said 20 acres; that is, from the Northwest line to the
Southeast line and shall have for its Northeast line the North-
east line of said 20 acre tract and shall extend Southwest for
area.

TO HAVE AND TO HOLD the above conveyed premises, to-
gether with all and singular, the rights and appurtenances there-
to in anywise belonging unto the said Party of the Second Part,
their heirs and assigns forever; and Party of the First Part does
hereby bind themselves, their heirs, executors and administrators
to Warrant and Forever Defend all and singular the said premises
unto the said Party of the Second Part, their heirs and assigns,

296

against every person whomsoever lawfully claiming, or to claim the same or any part thereof.

WITNESS OUR HANDS on this the 25th day of October, A.D., 1951.

*George A. Martin*
George A. Martin

*Willie V. Martin*
Willie V. Martin

PARTY OF THE FIRST PART

*Hewen Humphrey*
Hewen Humphrey

*Cora Humphrey*
Cora Humphrey

PARTY OF THE S ECOND PART

THE STATE OF TEXAS    )
                      *
COUNTY OF FORT BEND  )

BEFORE ME, the undersigned authority, in and for said County and State, on this day personally appeared George A. Martin and Willie V. Martin, his wife, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed, and the said Willie V. Martin, wife of the said George A. Martin, having been examined by me privily and apart from her said husband, and having the same fully explained to her, she, the said Willie V. Martin, acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on this the
27 day of October, A.D., 1951.

*A B Green*
Notary Public in and for
Fort Bend County, Texas

297

THE STATE OF TEXAS  )

COUNTY OF FORT BEND )

     BEFORE ME, the undersigned authority, in and for said County and State, on this day personally appeared Hewen Humphrey and Cora Humphrey, his wife, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed, and the said Cora Humphrey, wife of the said Hewen Humphrey, having been examined by me privily and apart from her said husband, and having the same fully explained to her, she, the said Cora Humphrey, acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed and that she did not wish to retract it.

     GIVEN UNDER MY HAND AND SEAL OF OFFICE on this the 26 day of October, A.D., 1951.

                                   _Walter S Roberts_

                                 Notary Public in and for
                                 Fort Bend County, Texas

Filed for Record on the 5 day of November A.D. 19 51 at 3:30 o'clock P.M.

Duly Recorded this the 12 day of November A.D. 19 51 at 8:00 o'clock A.M.

Instrument No. 72142

                          WINONA SCHENDEL, County Clerk
                          Fort Bend County, Texas

            By _____ Deputy

# EXHIBIT B

9214579

**2384  2577**

HEWEN HUMPHREY, ET UX

TO                                                          GENERAL WARRANTY DEED

MARTHA McQUEEN

THE STATE OF TEXAS          :

COUNTY OF FORT BEND         :

      KNOW ALL MEN BY THESE PRESENTS:  That We, HEWEN HUMPHREY and
wife, CORA HUMPHREY, of Fort Bend County, Texas, hereinafter called
Grantors, for and in consideration of the sum of Ten and No/100 ($10.00)
Dollars cash and other valuable consideration to us in hand paid by
MARTHA McQUEEN, of Fort Bend County, Texas, hereinafter called Grantee,
whose mailing address is Route 1, Box 191, Beasley, Texas 77417, the
receipt and sufficiency of which is hereby acknowledged and confessed
have Granted, Sold and Conveyed, and by these presents do Grant, Sell
and Convey unto the said Grantee, all that certain tract or parcel of
land located in Fort Bend County, Texas, together with all improvements
situated thereon, described as follows, to-wit:

      All that certain tract or parcel of land situated in Fort Bend
County, Texas, described as follows, to-wit:

      Being a tract of land 80 feet in width by 110 feet in length
out of the Northeast corner of a 2 acre tract of land situated
in the Elizabeth Powell League, Abstract 71, Fort Bend County,
Texas, said 2 acre tract being that same tract of land which
is described in a Deed of Trust dated November 24, 1959, which
was recorded by Hewen Humphrey, et ux, to Paul Scherer, Trustee,
for the use and benefit of A. J. Henderson, which Deed of
Trust was recorded in Volume 107, Page 145 of the Deed of
Trust Records of Fort Bend County, Texas, to which refer in
aid hereof, this 80 foot by 110 foot tract being more particularly
described by metes and bounds as follows, to-wit:

      BEGIN at the Northeast corner of said 2 acre tract, in the
Southwest line of Darst Road;

      THENCE Southwesterly along the Northwest line of said 2 acres
for a distance of 110 feet to a point for the Northwest corner
of this tract;

      THENCE in a Southeasterly direction parallel with and 110 feet
distant from the Southwest line of Darst Road, for a distance
of 80 feet to a point for the Southwest corner of this tract;

      THENCE in a Northeasterly direction, parallel with and 80 feet
distant from the Northwest line of said 2 acre tract for a
distance of 110 feet to a point in the Southwest line of Darst
Road for the Southeast corner of this tract;

      THENCE Northwesterly with the Southwest line of Darst Road for
a distance of 80 feet to the PLACE OF BEGINNING.

2384   2578

This conveyance is made and accepted subject to any easements or mineral or royalty reservations which affect the above described property and which appear of record properly recorded in the office of the County Clerk of Fort Bend County, Texas.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee, her heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators, to Warrant and Forever Defend, all and singular the said premises unto the said Grantee, her heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

EXECUTED this 5ᵀᴴ day of ~~November, 1983~~ January, 1984

_Hewen Humphrey_
HEWEN HUMPHREY

Witnesses to the mark
of Cora Humphrey

_Willie Mae Henderson_
Witness

_Bundretta L. Dawson_
Witness

_X_
CORA HUMPHREY

THE STATE OF TEXAS      §

COUNTY OF FORT BEND     §

    This instrument was acknowledged before me on January 5, 1984,
1983, by Hewen Humphrey.

        Notary Public, State of Texas
        My commission expires: May 5, 1988
        James L. Phillips
        (Printed name of Notary Public)

THE STATE OF TEXAS      §

COUNTY OF FORT BEND     §

    This instrument was acknowledged before me on January 5, 1984,
1983, by Cora Humphrey.

        Notary Public, State of Texas
        My commission expires: May 5, 1988
        James L. Phillips
        (Printed name of Notary Public)

2384   2579

THE STATE OF TEXAS           §

COUNTY OF FORT BEND          §

     This instrument was acknowledged before me on March 16, 1992, by Hewen Humphrey.

MARY JO GARDOVSKY
Notary Public, State of Texas
My Commission Expires 1-02-96

Notary Public - State of Texas
My commission expires:_____

_____
(Printed name of Notary Public)

Ret to:

Marthe J. McQueen
Rt. 1 Box 190
Beasley, Texas 77417

FILED

'92 MAR 16 A10:40

COUNTY CLERK
FORT BEND COUNTY, TEXAS

STATE OF TEXAS           COUNTY OF FORT BEND
    I, hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the volume and page of the Official Records of Fort Bend County, Texas as stamped by me.

MAR 18 1992

County Clerk, Fort Bend Co., Tex.

Unofficial Document

# EXHIBIT C

## AFFIDAVIT OF HEIRSHIP

DATE: **DECEMBER 1, 2005**

DECEASED: **CORA L. JOHNSON- HUMPHERY**

PROPERTY: **1820 DARST ROAD, BEASLEY, TEXAS 77417-9528**

AFFIANT:   **LILLIAN F. CAVIEL**

WITNESS: **ETHEL JOHNSON**

WITNESS: **AGNES RANDOLPH**

Affiant, on oath swears that the following statements are true:

Affiant makes this affidavit of heirship in connection with the death and heirship of Deceased and particularly in connection with the property.   *See Attached Exhibit "A"*

1. County of Residence: **FORT BEND**

2. Relationship of Deceased: **DAUGHTER & FAMILY FRIENDS**

3. Facts indicating knowledge of matters relating to heirship, such as number of years and capacity in which Affiants knew Deceased: **30+ YEARS**

4. Nature and extent of knowledge of births, marriages, divorces and deaths relating to heirship of Deceased:

**CORA LEE JOHNSON, was married two (2) times in her lifetime. CORA LEE married JOE POWELL, 1930. There was one (1) child born to this union, MORGAN L. POWELL (JACKSON), who was adopted by a grand-parent and assumed their surname.  No other children were born to, adopted or taken into this union.  This marriage ended in divorce in 1931.**

**CORA LEE, then married HEWEN P. HUMPHREY, JR. in 1932.  CORA LEE  then became CORA LEE HUMPHREY. There were nine (9) children born to this union, ROBERT JAMES HUMPHREY and HAZEL PEARL HUMPHREY, both died at birth, HEWEN P. HUMPHREY, III, LILLIAN-HUMPHREY CAVIEL, MARTHA HUMPHREY-McQUEEN, HOMER HUMPHREY, LEO C. HUMPHREY, FRANK HUMPHREY and BARBARA J. HUMPHREY-ARMSTEAD.  No other children were born or adopted to this union.  This marriage ended in the death of CORA LEE JOHNSON-HUMPHREY.**

Deceased was born **OCTOBER 6, 1908, in COLUMBUS, TEXAS** to **GREEN JOHNSON and PEARL POLOKIA.** Deceased died on **AUGUST 25,1990** at the age of **82**, a resident of **BEASLEY FORT BEND, COUNTY, TEXAS** , he died  leaving a will. Affiant knows of no completed, pending or contemplated administration of the estate.

Deceased was **two (2) times.**

IF DECEASED WAS EVER MARRIED, STATE FOLLOWING FACTS FOR EACH MARRIAGE:

1.) Spouse's full name was **JOE POWELL** . They were married in **1930** the marriage ended in the divorce in **1931.**

    (a) Divorce - Date of divorce: **1931**
           Place: **KENDLETON, TEXAS**
           Court style:**N/A**     Case No. :**N/A**

     Spouse **N/A** terminated in;

     Divorce- Date of divorce:
          Place:
          Court style:     Case No.:

   (b) Death- Date:
      Place:

2.) Spouse's full name was **HEWEN P. HUMPREY, JR.**   They were married in **1932** , the marriage ended in death of **CORA LEE JOHNSON-HUMPHREY** .

    (a) Divorce- Date of divorce:

       Place:
       Court style: **N/A**     Case No.: **N/A**

3.) Spouse's full name was.  They were married in , the marriage ended in divorce in .

4.) Spouse's full name was .  They were married in, the marriage ended in divorce in

5.) Spouse's full name was _.  They were re-married in ,  the marriage ended in the death of

No children other than those named in this affidavit of heirship were born to deceased, adopted by Deceased, or taken into the home of the Deceased with the understanding of adoption.

**SURVIVING HEIRS:**

1).    MORGAN L. JACKSON (son), born September 12,1931 and resides at 321 DARST ROAD, BEASLEY, TEXAS 77417;

2).    HEWEN P. HUMPHREY, III, (son), born May  25, 1933 and resides at 5430 HERON DRIVE, HOUSTON, TEXAS 77033;

3.)    LILLIAN F. HUMPHREY-CAVIEL, (daughter), born July 10, 1934 and resides at 1820 DARST ROAD, BEASLEY, TEXAS 77417;

4.)    MARTHA HUMPHREY-McQUEEN, (daughter), born February 1, 1938 and resides at 1810 DARST ROAD, BEASLEY, TEXAS 77417;

5.)    HOMER L. HUMPHREY, (son), born August 22, 1939 and resides at RT. 3 BOX 491, WHARTON, TEXAS 77488;

6.)    LEO C. HUMPHREY, (son), born October 5, 1942 and resides at 810 DARST ROAD, BEASLEY, TEXAS 77417;

7.)    FRANK B. HUMPHREY, (son), born August 3, 1947 and resides at 12011 MAYO ROAD, WALLIS, TX. 77485 and

8.)    BARBARA J. HUMPHREY-ARMSTEAD, (daughter), born March 28, 1946 and resides at 1037 DARST ROAD, BEASLEY, TEXAS 77417.

Deceased's estate consists of solely of Deceased's separate property and community property. The gross value of Decease's estate, as defined for federal estate tax purposes to include all real estate,stocks, bonds,mortgages, notes, cash, life insurance on Deceased's life, jointly owned property,transferd during Deceased's life,powers of appointment, annuities,cash surrender value on life insurance owned by Deceased , and other tangible and intangible assets does not exceed **$100,000.00**    Filing is not required for any federal estate tax return or state inheritance tax return or state inheritance tax return, and no federal estate taxes or state inheritance taxes are due on Deceased's estate.

All debts of the estate have been paid.  There has been no probate administration of Deceased's estate.  To Affiant's best knowledge, information, and belief, the estate requires no administration.  Affiant does not intend to seek any administration and knows of no administration proceedings contemplated by others.

**AFFIANT'S SIGNATURE**
**LILLIAN F. HUMHPREY-CAVIEL**
**AFFIANT'S PRINTED NAME**
**1820 DARST ROAD, BEASLEY, TEXAS 77417**

THE STATE OF TEXAS            }
COUNTY OF FORT BEND        }


SWORN TO AND SUBSCRIBED BEFORE ME on the 30th day of November, ,2005 , by LILLIAN F. HUMPHREY-CAVIEL     for the purposes and consideration therein expressed.



Notary Public in and for the State of TEXAS

CLEO NELSON
Notary Public
State of Texas
My Commission Expires
January 24,2009


## COROBORATIING WITNESS AFFIDAVIT


BEFORE ME, the undersigned authority, personally appeared ETHEL JOHNSON and AGNES RANDOLPH   , known to me to be credible persons of lawful age, who first being by me sworn, upon their oath depose and say:


That they are well acquainted with the family history of the Deceased, CORA LEE JOHNSON-HUMPHREY . That they have read the Affidavit of Heirship by LILLIAN HUMPHREY-CAVIEL and the facts therein stated are true and correct.


1st Witness:

ETHEL JOHNSON
1938 DARST ROAD
BEASLEY, TEXAS 77417

CLEO NELSON
Notary Public
State of Texas
My Commission Expires
January 24,2009

**2nd Witness:**

**AGNES RANDOLPH**
**401 LUM ROAD**
**KENDLETON, TX. 77451**



STATE OF TEXAS
COUNTY OF **FORT BEND**

This instrument is acknowledged before me on 4th day of **DECEMBER 2005**, by **ETHEL JOHNSON**, for the purpose and consideration therein expressed.

NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS



STATE OF TEXAS
COUNTY OF **FORT BEND**

This instrument is acknowledged before me on 4th day of **DECEMBER, 2005**, by **AGNES RANDOLPH** for the purpose and consideration therein expressed.

NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

AFTER RECORDING PLEASE RETURN TO:
AMERITRUST TITLE COMPANY
10260 WESTHEIMER, SUITE 610
HOUSTON, TEXAS 77042
GF# 03051189

CLEO NELSON
Notary Public
State of Texas
My Commission Expires
January 24,2009

Case 4:22-cv-02747  Document 1-1  Filed on 08/12/22 in TXSD  Page 17 of 75

## LEGAL DESCRIPTION

All of that certain tract or parcel of land being 80 feet in width and 110 feet in length, being out of the Northeast corner of a 2.0 acre tract, more or less, in the Elizabeth Powell League, Abstract No. 71, situated in Fort Bend County, Texas. Said 2.0 acre tract being the same property as described in Deed of Trust recorded in Volume 107, Page 145, of the Deed of Trust Records of Fort Bend County, Texas. Same being more particularly described by metes and bounds as follows: (Bearings based on 129.96 acre tract (north adjoiner) recorded in volume 464, page 88, of the Harris County deed records.

Being a tract of land 80 feet in width by 110 feet in length out of the Northeast corner of a 2 acre tract of land situated in the Elizabeth Powell League, Abstract 71, Fort Bend County, Texas, said 2 acre tract being the same tract of land which is described in a Deed of Trust dated November 24, 1959, which was executed by Hewen Humphrey, et ux, to Paul Scherer, Trustee, for the use and benefit of a A. J. Henderson, which Deed of Trust was recorded in Volume 107, Page 145 of the Deed of Trust records in Fort Bend County, Texas, to which refer in said hereof, this 80 foot by 110 foot tract being more particularly described by metes and bounds as follows to-wit:;

BEGIN at the Northeast corner of said 2 acre tract, in the Southwest line of Darst Road from which a 3/4 inch iron pipe found bears North 61 degrees 18 minutes East, 1.23 feet;

THENCE South 58 degrees 51 minutes 10 seconds West, along the Northwest line of said 2 acres for a distance of 110 feet to a 5/8 inch iron rod set for the Northwest corner of this tract;

THENCE South 29 degrees 56 minutes 20 seconds East, direction parallel with and 110 feet distance from the Southwest line of Darst Road, for a distance of 80 feet to a 5/8 inch iron rod set for the Southwest corner of this tract;

THENCE North 58 degrees 51 minutes 10 seconds East, parallel with and 80 feet distance from the Northwest line of said 2 acre tract for a distance of 110 feet to a 5/8 inch iron rod set in the Southwest line of Darst Road for the Southeast corner of this tract;

THENCE North 29 degrees 56 minutes 20 seconds West, with the Southwest line of Darst Road for a distance of 80 feet to the PLACE OF BEGINNING.

Henry M. Santos, RPLS 5450

STATE OF TEXAS
REGISTERED
HENRY M. SANTOS
5450
PROFESSIONAL LAND SURVEYOR

2 of 2

Lillian F. Caviel
1820 Darst Road
Beasley, Tx 77417

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

Dr. Dianne Wilson

2005 Dec 08 10:53 AM    2005148478

BAK $33.00

Dianne Wilson, Ph.D. COUNTY CLERK

FT BEND COUNTY TEXAS

HEIRSHIP   **2005148479**

8 PGS

## AFFIDAVIT OF HEIRSHIP

DATE: **DECEMBER 1, 2005**

DECEASED:**HEWEN P. HUMPHREY, JR.**

PROPERTY: **1820 DARST ROAD, BEASLEY, TEXAS 77417-9528**

AFFIANT:   **LILLIAN F. CAVIEL**

WITNESS: **ETHEL JOHNSON**

WITNESS: **AGNES RANDOLPH**

Affiant, on oath swears that the following statements are true:

Affiant makes this affidavit of heirship in connection with the death and heirship of "A"
Deceased and particularly in connection with the property. See Attached Exhibit "A"

1. County of Residence:**FORT BEND**

2. Relationship of Deceased: **DAUGHTER & FAMILY FRIENDS**

3. Facts indicating knowledge of matters relating to heirship, such as number of years and capacity in which Affiants knew Deceased:   **30+ YEARS**

4. Nature and extent of knowledge of births, marriages,divorces and deaths relating to heirship of Deceased:

**HEWEN P. HUMPHREY, JR.  was married two (2) times in his lifetime. HEWEN P. HUMPHREY, JR.  married GLADYS MARTIN in 1928,. There was one (1) child born to this union, ENNIS BOYD MORGAN.  No other children were born to, adopted or taken into this union.  This marriage ended in divorce in 1930.**

**HEWEN P. HUMPHREY, JR. then married CORA LEE JOHNSON-POWELL in 1932.  There were nine (9) children born to this union, ROBERT JAMES HUMPHREY and HAZEL PEARL HUMPHREY, both died at birth, HEWEN P. HUMPHREY, III,LILLIAN-HUMPHREYCAVIEL,MARTHAHUMPHREY-McQUEEN,HOMER HUMPHREY,LEO C. HUMPHREY, FRANK HUMPHREY and BARBARA J. HUMPHREY-ARMSTEAD.  No other children were born or adopted to this union.  This marriage ended in the death of CORA LEE JOHNSON-HUMPHREY.**

3.) Spouse's full name was.  They were married in , the marriage ended in divorce in .

4.) Spouse's full name was . They were married in, the marriage ended in divorce in

5.) Spouse's full name was _. They were re-married in , the marriage ended in the death of

No children other than those named in this affidavit of heirship were born to deceased, adopted by Deceased, or taken into the home of the Deceased with the understanding of adoption.

**SURVIVING HEIRS:**

1).    MORGAN L. JACKSON (son), born September 12,1931 and resides at 321 DARST ROAD, BEASLEY, TEXAS 77417;

2).    HEWEN P. HUMPHREY, III, (son), born May  25, 1933 and resides at 5430 HERON DRIVE, HOUSTON, TEXAS 77033;

3).    ENNIS HUMPHREY, (son), born December 7, 1929 and resides at 821 FILLY LANE, TEMPLE, TEXAS 76504;

4.)    LILLIAN F. HUMPHREY-CAVIEL, (daughter), born July 10, 1934 and resides at 1820 DARST ROAD, BEASLEY, TEXAS 77417;

5.)    MARTHA HUMPHREY-McQUEEN, (daughter), born February 1, 1938 and resides at 1810 DARST ROAD, BEASLEY, TEXAS 77417;

6.)    HOMER L. HUMPHREY, (son), born August 22, 1939 and resides at RT. 3 BOX 491, WHARTON, TEXAS 77488;

7.)    LEO C. HUMPHREY, (son), born October 5, 1942 and resides at 810 DARST ROAD, BEASLEY, TEXAS 77417;

8.)    FRANK B. HUMPHREY, (son), born August 3, 1947 and resides at 12011 MAYO ROAD, WALLIS, TX. 77485 and

9.)    BARBARA J. HUMPHREY-ARMSTEAD, (daughter), born March 28, 1946 and resides at 1037 DARST ROAD, BEASLEY, TEXAS 77417.

Deceased was born **OCTOBER 6, 1908,  in COLUMBUS, TEXAS** to **GREEN JOHNSON and PEARL POLOKIA.**  Deceased died on **AUGUST 25,1990** at the age of **82**, a resident of **BEASLEY FORT BEND, COUNTY, TEXAS** , he died   leaving a will. Affiant knows of no completed, pending or contemplated administration of the estate.

Deceased was **two (2) times.**

IF DECEASED WAS EVER MARRIED, STATE FOLLOWING FACTS FOR EACH MARRIAGE:

1.)  Spouse's full name was_ **JOE POWELL**_____ . They were married in **1930**  the marriage ended in the divorce in **1931.**

(a) Divorce - Date of divorce: **1931**
            Place: **KENDLETON, TEXAS**
            Court style:**N/A**    Case No.  :**N/A**


Spouse **N/A**  terminated in;

Divorce-  Date of divorce:
            Place:
            Court style:      Case No.:

(b) Death- Date:
      Place:

2.) Spouse's full name was **HEWEN P. HUMPREY, JR.**   They were married in **1932** , the marriage ended in death of **CORA LEE JOHNSON-HUMPHREY** .

(a) Divorce- Date of divorce:

            Place:
            Court style: **N/A**    Case No.: **N/A**

Deceased's estate consists of solely of Deceased's separate property and community property. The gross value of Decease's estate, as defined for federal estate tax purposes to include all real estate,stocks, bonds,mortgages, notes, cash, life insurance on Deceased's life, jointly owned property,transferd during Deceased's life,powers of appointment, annuities,cash surrender value on life insurance owned by Deceased , and other tangible and intangible assets does not exceed **$100,000.00**    Filing is not required for any federal estate tax return or state inheritance tax return or state inheritance tax return, and no federal estate taxes or state inheritance taxes are due on Deceased's estate.

All debts of the estate have been paid.  There has been no probate administration of Deceased's estate.  To Affiant's best knowledge, information, and belief, the estate requires no administration.  Affiant does not intend to seek any administration and knows of no administration proceedings contemplated by others.

**AFFIANT'S SIGNATURE**
**LILLIAN F. HUMHPREY-CAVIEL**
**AFFIANT'S PRINTED NAME**
**1820 DARST ROAD, BEASLEY, TEXAS 77417**

THE STATE OF TEXAS     }
COUNTY OF <u>FORT BEND</u>   }


SWORN TO AND SUBSCRIBED BEFORE ME on the $30^{\underline{th}}$ day of <u>November,</u> <u>,2005</u> , by <u>LILLIAN F. HUMPHREY-CAVIEL</u>    for the purposes and consideration therein expressed.


_Cleo Nelson_

Notary Public in and for the State of TEXAS

```
CLEO NELSON
Notary Public
State of Texas
My Commission Expires
January 24, 2009
```

## COROBORATIING WITNESS AFFIDAVIT


BEFORE ME, the undersigned authority, personally appeared <u>ETHEL JOHNSON</u> and <u>AGNES RANDOLPH</u>   , known to me to be credible persons of lawful age, who first being by me sworn, upon their oath depose and say:


That they are well acquainted with the family history of the Deceased, <u>CORA LEE JOHNSON-HUMPHREY</u> . That they have read the Affidavit of Heirship by <u>LILLIAN HUMPHREY-CAVIEL</u> and the facts therein stated are true and correct.


1st Witness:

_Ethel Marie Johnson_
ETHEL JOHNSON
1938 DARST ROAD
BEASLEY, TEXAS 77417

```
CLEO NELSON
Notary Public
State of Texas
My Commission Expires·
January 24, 2009
```

2nd **Witness:**

**AGNES RANDOLPH**
**401 LUM ROAD**
**KENDLETON, TX. 77451**



STATE OF TEXAS
COUNTY OF **FORT BEND**

This instrument is acknowledged before me on 4th day of **DECEMBER 2005**, by **ETHEL JOHNSON** , for the purpose and consideration therein expressed.

NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

STATE OF TEXAS
COUNTY OF **FORT BEND**

This instrument is acknowledged before me on 4th day of **DECEMBER, 2005**, by **AGNES RANDOLPH**  for the purpose and consideration therein expressed.

NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

AFTER RECORDING PLEASE RETURN TO:
AMERITRUST TITLE COMPANY
10260 WESTHEIMER, SUITE 610
HOUSTON, TEXAS 77042
GF# 03051189

# LEGAL DESCRIPTION

All of that certain tract or parcel of land being 80 feet in width and 110 feet in length, being out of the Northeast corner of a 2.0 acre tract, more or less, in the Elizabeth Powell League, Abstract No. 71, situated in Fort Bend County, Texas. Said 2.0 acre tract being the same property as described in Deed of Trust recorded in Volume 107, Page 146, of the Deed of Trust Records of Fort Bend County, Texas. Same being more particularly described by metes and bounds as follows: (Bearings based on 129.96 acre tract (north adjoiner) recorded in volume 464, page 88, of the Harris County deed records.

Being a tract of land 80 feet in width by 110 feet in length out of the Northeast corner of a 2 acre tract of land situated in the Elizabeth Powell League, Abstract 71, Fort Bend County, Texas, said 2 acre tract being the same tract of land which is described in a Deed of Trust dated November 24, 1959, which was executed by Hewen Humphrey, et ux, to Paul Scherer, Trustee, for the use and benefit of a A. J. Henderson, which Deed of Trust was recorded in Volume 107, Page 146 of the Deed of Trust records in Fort Bend County, Texas, to which refer in said hereof, this 80 foot by 110 foot tract being more particularly described by metes and bounds as follows to-wit:;

BEGIN at the Northeast corner of said 2 acre tract, in the Southwest line of Darst Road from which a 3/4 inch iron pipe found bears North 61 degrees 18 minutes East, 1.23 feet;

THENCE South 58 degrees 51 minutes 10 seconds West, along the Northwest line of said 2 acres for a distance of 110 feet to a 5/8 inch iron rod set for the Northwest corner of this tract;

THENCE South 29 degrees 56 minutes 20 seconds East, direction parallel with and 110 feet distance from the Southwest line of Darst Road, for a distance of 80 feet to a 5/8 inch iron rod set for the Southwest corner of this tract;

THENCE North 58 degrees 51 minutes 10 seconds East, parallel with and 80 feet distance from the Northwest line of said 2 acre tract for a distance of 110 feet to a 5/8 inch iron rod set in the Southwest line of Darst Road for the Southeast corner of this tract;

THENCE North 29 degrees 56 minutes 20 seconds West, with the Southwest line of Darst Road for a distance of 80 feet to the PLACE OF BEGINNING.

Henry M. Santos, RPLS 6450

STATE OF TEXAS
REGISTERED
HENRY M. SANTOS
5450
PROFESSIONAL
LAND SURVEYOR

2 of 2

Ret
Lillian F. Caviel
1810 Darst Road
Beasley, Tx 77417

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

Dr. Dianne Wilson

2005 Dec 08 10:53 AM          2005148479

BAK $33.00

Dianne Wilson, Ph.D. COUNTY CLERK

FT BEND COUNTY TEXAS

# EXHIBIT D



DEED
7 PGS
2005148480

DEED
7 PGS

2005002093

# WARRANTY DEED

Notice of confidentiality rights: If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: Your Social Security Number or Your Driver's License Number.

THE STATE OF TEXAS          }

            KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF   HARRIS          }

    THAT, MORGAN L. JACKSON, HEWEN P. HUMPHREY, III, MARTHA HUMPHREY-McQUEEN, HOMER L. HUMPHREY, LEO C. HUMPHREY, FRANK B. HUMPHREY and BARBARA HUMPHREY-ARMSTEAD, Heirs of the Estate of CORA L. JOHNSON-HUMPHREY and HEWEN P. HUMPHREY, JR., both deceased, (hereinafter referred to as Grantor", for the  sum of TEN AND 00/100 DOLLARS ($10.00) and other good and valuable consideration in hand paid by, LILLIAN F. HUMPHREY-CAVIEL, a single person, hereinafter referred to as "Grantee", the receipt and sufficiency of which is hereby acknowledged, has GRANTED, SOLD, and CONVEYED and by these presents does, GRANT, SELL and CONVEY, subject to all matters set forth hereunder, unto the said Grantee all that certain real property in PORT BEND , COUNTY, TEXAS as follows:


SEE ATTACHED EXHIBIT "A"


 This conveyance is made and accepted subject to any and all valid and subsisting restrictions, easements, right of way, reservations, maintenance charges together with any lien securing said maintenance charges, declarations, outstanding interests and encumbrances, zoning laws, ordinances of municipal and/or other governmental authorities, conditions and covenants, if any, applicable to and enforceable against the above-described property as shown by the records of the County Clerk of said County.

    TO HAVE AND TO HOLD the above described property and premises together with, all and singular, the rights and appurtenances thereto in anywise belonging unto the said Grantees, Grantee's heirs, executors, administrators, successors and assigns forever, and Grantor does hereby bind Grantor, and Grantor's successors, and assigns, to WARRANT AND FOREVER DEFEND, all and singular, the said property and premises unto the said   Grantee, Grantee's   heirs, executors, administrators, successors and assigns, against every person whomsoever lawfully claiming the same or any part thereof.

*THIS INSTRUMENT IS BEING REFILED TO REFLECT THE CORRECT LEGAL DESCRIPTION*

Grantor has paid all taxes for prior years and ad valorem taxes for the current year have been prorated and the same have been assumed by Grantee.

EXECUTED on this the 4th day of DECEMBER , 2005

_____
MORGAN L. JACKSON

_____
HEWEN P. HUMPHREY, III

_____
MARTHA HUMPHREY-McQUEEN

_____
HOMER L. HUMPHREY

_____
LEO C. HUMPHREY

_____
FRANK B. HUMPHREY

_____
BARBARA J. HUMPHREY-ARMESTEAD

THE STATE OF   TEXAS          }
COUNTY OF    FORT BEND   }

    This instrument was acknowledged before me on the 4ᵗʰ day of December ,
2005, by MORGAN L. JACKSON,Heir to the Estate of CORA L.
JOHNSON–HUMPHREY and HEWEN P. HUMPHREY, JR., both deceased, for
the purpose and consideration therein expressed.

_Cleo Nelson_
                  **Notary Public in and for the State of Texas**



CLEO NELSON
Notary Public
State of Texas
My Commission Expires
January 24,2009

THE STATE OF   TEXAS          }
COUNTY OF    FORT BEND   }

    This instrument was acknowledged before me on the 4ᵗʰ day of December ,
2005, by HEWEN P. HUMPHREY, III,          Heir  to the Estate of CORA L.
JOHNSON–HUMPHREY and HEWEN P. HUMPHREY, JR., both deceased, for
the purpose and consideration therein expressed.

_Cleo Nelson_
                  **Notary Public in and for the State of Texas**

CLEO NELSON
Notary Public
State of Texas
My Commission Expires
January 24,2009

Unofficial Document

THE STATE OF   TEXAS        }
COUNTY OF   FORT BEND   }

This instrument was acknowledged before me on the 4th day of December , 2005, by FRANK B. HUMPHREY,   Heir   to   the Estate of CORA L. JOHNSON–HUMPHREY and HEWEN P. HUMPHREY, JR., both deceased, for the purpose and consideration therein expressed.



CLEO NELSON
Notary Public
State of Texas
My Commission Expires
January 24, 2009

_____
**Notary Public in and for the State of Texas**

THE STATE OF   TEXAS        }
COUNTY OF   FORT BEND   }

This instrument was acknowledged before me on the 4th day of December , 2005, by BARBARA J. HUMPHREY-ARMESTEAD,   Heir to the Estate of CORA L. JOHNSON–HUMPHREY and HEWEN P. HUMPHREY, JR., both deceased, for the purpose and consideration therein expressed.

CLEO NELSON
Notary Public
State of Texas
My Commission Expires
January 24, 2009

_____
**Notary Public in and for the State of Texas**

THE STATE OF   TEXAS        }
COUNTY OF    FORT BEND   }

This instrument was acknowledged before me on the 4ᵗʰ day of December ,
2005, by MARTHA HUMPHREY-McQUEEN,Heir to the Estate of CORA L.
JOHNSON–HUMPHREY and HEWEN P. HUMPHREY, JR., both deceased, for
the purpose and consideration therein expressed.

_Martha Humphrey McQueen_

Notary Public IN AND FOR the State of Texas

_Cleo Nelson_

THE STATE OF   TEXAS        }
COUNTY OF    FORT BEND   }

CLEO NELSON
Notary Public
State of Texas
My Commission Expires
January 24,2009

This instrument was acknowledged before me on the 4ᵗʰ day of December ,
2005, by HOMER L. HUMPHREY,   Heir  to  the Estate of CORA L.
JOHNSON–HUMPHREY and HEWEN P. HUMPHREY, JR., both deceased, for
the purpose and consideration therein expressed.

_Cleo Nelson_
Notary Public in and for the State of Texas

_Cleo Nelson_
Notary Public in and for the State of Texas

CLEO NELSON
Notary Public
State of Texas
My Commission Expires
January 24,2009

THE STATE OF   TEXAS        }
COUNTY OF    FORT BEND   }

This instrument was acknowledged before me on the 4ᵗʰ day of December ,
2005,  by  LEO C. HUMPHREY,Heir  to  the  Estate  of  CORA L.
JOHNSON–HUMPHREY and HEWEN P. HUMPHREY, JR., both deceased, for
the purpose and consideration therein expressed.

_Cleo Nelson_
Notary Public in and for the State of Texas



CLEO NELSON
Notary Public
State of Texas
My Commission Expires
January 24,2009

AS PER ORIGINAL

# EXHIBIT "A"

A tract of land 80 feet by 130 feet out of the Elizabeth Powell League, Abstract 71, Fort Bend County, Texas, and being a part of Lot 7 of the original Kendall Subdivision of the upper portion of said Powell League, and being out of the Hewen Humphrey et ux 2 acre tract of land described in correction deed from George A. Martin et ux to Hewen Humphrey et ux, recorded Volume 289, page 294, Fort Bend County Deed Records and being more particularly described by metes and bounds as follows, to-wit:

BEGIN at a point in the Southwest right-of-way line of Darst Road at a point in the Northeast line of said Humphrey 2 acre tract, said point of beginning being Northwesterly a distance of 80 feet along said Southwest line of Darst Road from the Southeast corner of said Humphrey 2 acre tract;

THENCE South 29° 56' 20" East with the Southwest right-of-way line of Darst Road for a distance of 80 feet to a point for corner, being the Southeast corner of this tract and also being the Southeast corner of said Hewen Humphrey et ux 2 acre tract;

THENCE South 58° 51' 10" West along the Southeast line of said Humphrey 2 acre tract for a distance of 130 feet to a point for the Southwest corner of this tract;

THENCE North 29° 56' 20" West, parallel with the Southwest right-of-way line of Darst Road and the Northeast line of this tract for a distance of 80 feet to a point for corner;

THENCE North 58° 51' 10" East, parallel with the Southeast line of this tract and the Southeast line of said Humphrey 2 acre tract, for a distance of 130 feet to the Place of Beginning, the tract described hereby being a tract 80 feet by 130 feet out of the Southeast corner of said Humphrey 2 acre tract.

Lillian F. Caviel
1820 Darst Road
Beasley, Tx 77417

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

*Dr. Dianne Wilson*

2005 Dec 08 10:53 AM

BAK $29.00

2005148480

Dianne Wilson, Ph.D. COUNTY CLERK

FT BEND COUNTY TEXAS

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

*Dr. Dianne Wilson*

2006 Jan 05 03:30 PM

TD $33.00

2006002093

Dianne Wilson, Ph.D. COUNTY CLERK

FT BEND COUNTY TEXAS

Official Document

# EXHIBIT E

DEED   2005148481

4 PGS

# WARRANTY DEED

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: Your Social Security Number or Your Driver's License Number.**

THE STATE OF TEXAS          }

               **KNOW ALL MEN BY THESE PRESENTS:**

COUNTY OF   HARRIS          }

      THAT, ENNIS HUMPHREY, Heir of the Estate of CORA L. JOHNSON-HUMPHREY and HEWEN P. HUMPHREY, JR., both deceased, (hereinafter referred to as Grantor", for the  sum of TEN AND 00/100 DOLLARS ($10.00) and other good and valuable consideration in hand paid by, LILLIAN F. HUMPHREY-CAVIEL, a single person, hereinafter referred to as "Grantee", the receipt and sufficiency of which is hereby acknowledged, has GRANTED, SOLD, and CONVEYED and by these presents does, GRANT, SELL and CONVEY, subject to all matters set forth hereunder, unto the said Grantee all that certain real property in FORT BEND , COUNTY, TEXAS as follows:

**SEE ATTACHED EXHIBIT "A"**

 This conveyance is made and accepted subject to any and all valid and subsisting restrictions, easements, right of way, reservations, maintenance charges together with any lien securing said maintenance charges, declarations, outstanding interests and encumbrances, zoning laws, ordinances of municipal and/or other governmental authorities, conditions and covenants, if any, applicable to and enforceable against the above-described property as shown by the records of the County Clerk of said County.

    TO HAVE AND TO HOLD the above described property and premises together with, all and singular, the rights and appurtenances thereto in anywise belonging unto the said Grantees, Grantee's heirs, executors, administrators, successors and assigns forever, and Grantor does hereby bind Grantor, and Grantor's successors, and assigns, to WARRANT AND FOREVER DEFEND, all and singular, the said property and premises unto the said   Grantee, Grantee's  heirs, executors, administrators, successors and assigns, against every person whomsoever lawfully claiming the same or any part thereof.

*THIS INSTRUMENT IS BEING REFILED TO REFLECT THE CORRECT LEGAL DESCRIPTION*

DEED   4 PGS   2005148481

Grantor has paid all taxes for prior years and ad valorem taxes for the current year have been prorated and the same have been assumed by Grantee.

EXECUTED on this the 4th day of DECEMBER , 2005

_____
ENNIS HUMPHREY


THE STATE OF   TEXAS
COUNTY OF   FORT BEND

This instrument was acknowledged before me on the _____day of December , 2005, by ENNIS HUMPHREY,Heir to the Estate of CORA L. JOHNSON–HUMPHREY and HEWEN R. HUMPHREY, JR., both deceased, for the purpose and consideration therein expressed.

_____
Notary Public in and for the State of Texas


_____
Notary Public in and for the State of Texas

CLEO NELSON
Notary Public
State of Texas
My Commission Expires
January 24,2009

AS PER ORIGINAL

# EXHIBIT "A"

A tract of land 80 feet by 130 feet out of the Elizabeth
Powall League, Abstract 71, Fort Bend County, Texas,
and being a part of Lot 7 of the original Kendall Subdivision
of the upper portion of said Powall League, and being out of
the Hewen Humphrey et ux 2 acre tract of land described in
correction deed from George A. Martin et ux to Hewen
Humphrey et ux, recorded Volume 289, page 294, Fort Bend
County Deed Records and being more particularly described
by metes and bounds as follows, to-wit:

BEGIN at a point in the Southwest right-of-way line of
Darst Road at a point in the Northeast line of said Humphrey
2 acre tract, said point of beginning being Northwesterly
a distance of 80 feet along said Southwest line of Darst Road
from the Southeast corner of said Humphrey 2 acre tract;

THENCE South 29° 56' 20" East with the Southwest right-of-way
line of Darst Road for a distance of 80 feet to a point for
corner, being the Southeast corner of this tract and also
being the Southeast corner of said Hewen Humphrey et ux 2
acre tract;

THENCE South 58° 51' 10" West along the Southeast line of
said Humphrey 2 acre tract for a distance of 130 feet to a
point for the Southwest corner of this tract;

THENCE North 29° 56' 20" West, parallel with the Southwest
right-of-way line of Darst Road and the Northeast line of
this tract for a distance of 80 feet to a point for corner;

THENCE North 58° 51' 10" West, parallel with the Southeast line
of this tract and the Southeast line of said Humphrey 2 acre
tract, for a distance of 130 feet to the Place of Beginning, the
tract described hereby being a tract 80 feet by 130 feet out
of the Southeast corner of said Humphrey 2 acre tract.

Ref
Lillian F. Caviel
1820 Darst Road
Beasley, Tx 77417

Ret: Brundretta Nott
1810 Darst Road
Beasley, Tx. 77417

Official Document

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

*Dr. Dianne Wilson*

2005 Dec 08 10:53 AM        **2005148481**

BAK $17.00

Dianne Wilson, Ph.D. COUNTY CLERK

FT BEND COUNTY TEXAS

**FILED AND RECORDED**

OFFICIAL PUBLIC RECORDS

*Dr. Dianne Wilson*

2006 Jan 05 03:30 PM        **2006002092**

TD $21.00

Dianne Wilson, Ph.D. COUNTY CLERK

FT BEND COUNTY TEXAS

# EXHIBIT F

Updated 09/20/2016

## Bailee Letter Agreement

**Original Signed Documents Delivered:**
☒ **1st Note**
☒ **1st Recorded Security Instrument**
**Loan Number:**      **68011030728499**
**Borrower Name:**    **LILLIAN F. CAVIEL**
**Property Address: 1820 DARST ROAD BEASLEY, TX 77417**

Reverse Mortgage Solutions, Inc.
Attn: Final Documents Department
14405 Walters Road Suite 200
Houston, TX  77014

Dear Reverse Mortgage Solutions, Inc.:

You requested original loan documents in connection with services that you are providing to Bank of America, N.A. ("BANA"). The original signed documents indicated above ("Documents") are hereby being delivered to you, and there also may be copies of other documents enclosed herewith.

By signing this Bailee Letter Agreement ("Agreement"): **(a)** You confirm receipt of the Documents, and that your request for and possession of the Documents is appropriate and necessary in connection with the services that you are providing to BANA; **(b)** You certify that you shall take all reasonable measures to protect and preserve the Documents while they are in your possession, custody, or control, and the Documents shall remain in your custody and control unless (1) filed with the appropriate court, (2) returned to BANA in accordance herewith, or (3) sent to another party as expressly directed by BANA in writing; **(c)** You agree that you do not have any security interest in the Documents, you agree to waive any interest you  may acquire therein at any time, whether arising pursuant to law or otherwise, and you agree you may not retain the Documents for any reason (including but not limited to monies being owed to you) without BANA's express authorization and such authorization may be revoked by BANA at any time at BANA's sole discretion; **(d)** You agree to return the Documents to BANA at the address stated below (or another address provided by BANA to you in writing) via overnight or certified mail (with proof of delivery) immediately upon (1) demand, (2) completion or cancellation of the proceeding (where applicable), (3) conclusion of the performed service, and/or (4) your retention of the Documents no longer being necessary for the purpose in which they were requested; and **(e)** You agree that a copy of this Agreement may be used for all purposes, including the "best evidence" rule, as if it were the original.

**Subservicer Instructions:** Please immediately review the documents received with this Agreement and the inventory of Documents listed above. Your response is required within seven days of receipt. If there are any discrepancies, you shall notify Reverse Servicing Inquiries in writing at the email addresses provided below. If there are no discrepancies, sign this Agreement and return a copy of the original Agreement to the following email addresses and place the original Agreement in the file with the Documents.

| Contact email addresses and email addresses for return copy of executed original Bailee Letter Agreement | When returning the documents, please send them to the address below: |
|---|---|
| reverseservicinginquiries@bankofamerica.com<br>erin.weakley@bankofamerica.com | Bank of America<br>Attn: Erin Weakley<br>10500 NE 8th St., 5th Floor<br>Bellevue, WA 98004 |

Updated 09/20/2016

You are requesting the Documents in connection with services that you provide to BANA, and the terms and conditions of those services are covered by a separate agreement ("Services Agreement"). This Agreement is intended to supplement the Services Agreement, and all provisions in the Services Agreement are hereby incorporated herein and fully apply to the terms of this Agreement. BANA and you intend both such agreements to be read together and interpreted as consistent with each other to the fullest extent possible. If any provisions of this Agreement conflict with any provisions of the Services Agreement, the provisions of this Agreement shall control strictly on the narrow subject of this Agreement.

Sincerely,
Bank of America, N.A.

You hereby acknowledge receipt of the Documents listed above and AGREE TO ACT AS BAILEE on the terms set forth above, and the undersigned hereby represents that he/she is an authorized representative of you.

Entity Name: _Reverse Mortgage Solutions, Inc._                    Printed Name: _Stephanie Kellar_

By: _Stephanie Kellar_                                             Title: _Final Document Specialist_

Date: _3/13/17_

Skey:_█████████

## Endorsed Note Checklist

_____✓_____ Original Note

Lender: _____BOA_____

## Endorsements/Allonges

A: _____

B: _____

C: _____

D: _____

_____BOA_____ to Blank

## *Note/Issues*

_____
_____
_____
_____

Confirmed By: _____3/13/17_____

**FIXED RATE NOTE**
**HOME EQUITY CONVERSION MORTGAGE**
**CLOSED END**

FHA Case Number:
Application Number:
Loan Servicing Number:

State:    **TEXAS**
Date:    **October 5, 2010**
Property Address:  **1820 Darst Road**
           **Beasley, TX 77417**
Borrower's Post Office Address (if different from above):

1.    **DEFINITIONS**
     "Borrower" means each person signing at the end of this Note. "Lender" means **BANK OF AMERICA, N.A., A NATIONAL BANKING ASSOCIATION** and its successors and assigns.   "Secretary" means the Secretary of Housing and Urban Development or his or her authorized representatives.

2.    **BORROWER'S PROMISE TO PAY; INTEREST**
     In return for amounts to be advanced by Lender up to a maximum principal amount of **ONE HUNDRED EIGHTY ONE THOUSAND FIVE HUNDRED  DOLLARS AND NO CENTS** (U.S. **$181,500.00**),to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated **October 5, 2010** ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. Interest will be charged on unpaid principal at the rate of **Five and 56/100's** percent **(5.56%)** per year until the full amount of principal has been paid.   At the end of each month, accrued interest shall be added to and made part of the principal balance as a Loan Advance and shall likewise thereafter bear interest.

3.    **PROMISE TO PAY SECURED**
     Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4.    **MANNER OF PAYMENT**
     **(A)    Time**
         Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment-in-full, as provided in Paragraph 6 of this Note.

     **(B)    Place**
         Payment shall be made at: **WA1-501-15-22, PO Box 3977, Seattle, WA 98124-2477** or any such other place as Lender may designate in writing by notice to Borrower.

     **(C)    Limitation of Liability**
         Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through sale of the Property covered by the Security Instrument ("Property"). If this Note is assigned to the Secretary, the Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

     **(D)    Forfeiture by Lender**
         If Lender fails to make loan advances as required by the loan documents (this Note, Security Instrument and Home Equity Conversion Loan Agreement) and Lender fails to cure the default after notice from the Borrower, the Lender forfeits all principal and interest due on this Note, provided that this forfeiture does not apply if this Note is endorsed to the Secretary of Housing and Urban Development.

5.    **BORROWER'S RIGHT TO PREPAY**
     A Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. Any amount of debt prepaid will first be applied to reduce the principal balance of the Second Note described in Paragraph 11 of this Note and then to reduce the principal balance of this Note.

     All prepayments of the principal balance shall be applied by Lender as follows:

         *First*, to that portion of the principal balance representing aggregate payments for mortgage insurance premiums;

         *Second*, to that portion of the principal balance representing aggregate payments for servicing fees;

         *Third*, to that portion of the principal balance representing accrued interest due under the Note; and

         *Fourth*, to the remaining portion of the principal balance.

     To the extent Borrower prepays any outstanding balance under this Note, such amounts will no longer be available to be advanced under this Note.

6.  **IMMEDIATE PAYMENT-IN-FULL**

   **(A)  Death or Sale**
   Lender may require immediate payment-in-full of all outstanding principal and accrued interest if:

   (i)   All Borrowers die, or

   (ii)  A Borrower conveys all of his or her title to the Property and no other Borrower retains title to the Property in fee simple or on a leasehold interest as set forth in 24 CFR 206.45(a).

   **(B)  Other Grounds**
   Lender may require immediate payment-in-full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary, if:

   (i)   All Borrowers cease occupying the Property for longer than 12 consecutive months without the prior written approval of the Lender; or

   (ii)  Borrower (a) defaults on an obligation specified in the Loan documents to repair and maintain, pay taxes and assessments on, or insure, the Property; or (b) commits actual fraud in connection with the Loan; or

   (iii) Borrower fails to maintain the priority of Lender's lien on the Property, after Lender gives notice to Borrower, by promptly discharging any lien that has priority over the Lender's lien within ten (10) days after the date Borrower receives the notice. Lender shall not require immediate payment in full if Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings so as to prevent the enforcement of the lien or forfeiture of any part of the Property; (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by Lender's lien on the Property.

   **(C)  Payment of Costs and Expenses**
   If Lender has required immediate payment-in-full as described above, the debt enforced through sale of the Property may include costs and expenses, including reasonable and customary attorney's fees, associated with enforcement of this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

   **(D)  Trusts**
   Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph. A trust shall not be considered an occupant for purposes of this Paragraph.

7.  **WAIVERS**
   Borrower waives the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

8.  **GIVING OF NOTICES**
   Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

   Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

9.  **OBLIGATIONS OF PERSONS UNDER THIS NOTE**
   If more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note only through sale of the Property covered by the Security Instrument.

10. **RELATIONSHIP TO SECOND NOTE**

   **(A)  Second Note**
   Because Borrower will be required to repay amounts which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Note to the Secretary.

   **(B)  Relationship of Secretary Payments to this Note**
   Payments made by the Secretary shall not be included in the debt due under this Note unless:

   (i)   This Note is assigned to the Secretary; or

   (ii)  The Secretary accepts reimbursements by the Lender for all payments made by the Secretary.

   If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, shall be included in the debt.

   **(C)  Effect on Borrower**
   Where there is no assignment or reimbursement as described in (B)(i) or (ii), and the Secretary makes payments to Borrower, such payments shall be made under the Second Note, and Borrower shall not be

required to pay any amount of principal, interest and shared appreciation, if any, owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

Date: _10-5-10_____

_Lillian F. Caviel_

Lillian F. Caviel

PAY TO THE ORDER OF

WITHOUT RECOURSE
BANK OF AMERICA
DARCY A TYLER
OFFICER

# EXHIBIT G



Please Return to:
Patriot Settlement Services
1033 Long Prairie Rd. Ste 1
Flower Mound, TX 75022

Prepared By:
Bank of America, N.A.
11120 NE 33rd Place, Suite 200
Bellevue, WA 98004

---

Space Above This Line For Recording Data

---

State of Texas
Parcel Number: **0071000200000908**

FHA Case Number:
Application Number: ███
Loan Servicing Number:

## FIXED RATE
## HOME EQUITY CONVERSION DEED OF TRUST

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVERS LICENSE NUMBER.**

THIS DEED OF TRUST ("Security Instrument") is made on **October 5, 2010** ("Date"). The trustor is: **Lillian F. Caviel, an unmarried woman** whose address is: **1820 Darst Road, Beasley, TX 77417** ("Borrower"). The trustee is: **Gary J. Sommerfelt, 6688 North Central Expressway, Suite #560 Dallas, TX 75206** ("Trustee"). The beneficiary is: **BANK OF AMERICA, N.A., A NATIONAL BANKING ASSOCIATION** which is organized and existing under the laws of **THE UNITED STATES**, and whose address is: **100 North Tryon Street, Charlotte, NC 28255** ("Lender"). Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note"). This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note, up to a maximum principal amount of **ONE HUNDRED EIGHTY ONE THOUSAND FIVE HUNDRED  DOLLARS AND NO CENTS** (U.S. **$181,500.00**); (b) the payment of all other sums, with interest, advanced under paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in **FORT BEND** County, Texas:

Mortgage Cadence Inc. © 0329 03/06

**See Attached APN #0071000200000908**

which has the address of: **1820 Darst Road, Beasley, TX 77417** ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.   **Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.

2.   **Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower as provided for in the Loan Agreement.

3.   **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the

Mortgage Cadence Inc. © 0329 03/06

indebtedness under the Note and this Security Instrument, subject to any limitation imposed under applicable law, or be held in escrow to be so applied when permissible under applicable law. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

4.    **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's Principal Residence after the execution of this Security Instrument and Borrower (or at least one Borrower, if initially more than one person are Borrowers) shall continue to occupy the Property as Borrower's Principal Residence for the term of the Security Instrument. "Principal Residence" shall have the same meaning as in the Loan Agreement.

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a Principal Residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

5.    **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender, subject to applicable law, may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium ("MIP") as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities ("Servicing Fee") as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph are obligatory and shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

Mortgage Cadence Inc. © 0329 03/06

6.  **Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. If the Property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower. Any expenditures made in connection with the protection and preservation of the Property may be paid with Loan Advances and added to the outstanding balance to the extent the expenditures are for any of the following Borrower obligations: (a) taxes; (b) insurance; (c) costs of repairs or maintenance performed by a person or company that is not an employee of the lender or a person or company that directly or indirectly controls, is controlled by, or is under common control with Lender; (d) assessments levied against the Principal Residence; and (e) any lien that has, or may obtain, priority over Lender's lien as it is established in the Loan Documents, as defined in the Loan Agreement. Although Lender may take action under this Paragraph 6, Lender does not have to do so.

7.  **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation, or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property, and then to the reduction of the indebtedness under the Note and this Security Instrument, subject to any limitation imposed under applicable law, or be held in escrow to be so applied when permissible under applicable law. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

8.  **Fees.** Lender may collect fees and charges authorized by the Secretary.

9.  **Grounds for Acceleration of Debt.**

    (a)  **Due and Payable.** *Lender may require immediate payment-in-full of all sums secured by this Security Instrument if:*

        (i)   All Borrowers die; or

        (ii)  All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains (A) title to the Property in fee simple; (B) a leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate, (or retaining a beneficial interest in a trust with such an interest in the Property); or (C) a life estate in the Property.

    (b)  **Due and Payable with Secretary Approval.** Lender may require immediate payment-in-full of all sums secured by this Security Instrument, upon approval of the Secretary, if:

        (i)   All Borrowers cease occupying the Property for 12 consecutive months without the prior written approval of the Lender ; or

Mortgage Cadence Inc. © 0329 03/06

      (ii)    Borrower: (A) defaults on an obligation specified in the Loan Documents to repair and maintain, pay taxes and assessments on, or insure, the Property; or (B) commits actual fraud in connection with the Loan; or

      (iii)   Borrower fails to maintain the priority of Lender's lien on the Property, after Lender gives notice to Borrower, by promptly discharging any lien that has priority or may obtain priority over the Lender's lien within ten (10) days after the date Borrower receives the notice. Lender shall not require immediate payment in full if Borrower: (A) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (B) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings so as to prevent the enforcement of the lien or forfeiture of any part of the Property; or (C) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by Lender's lien on the Property.

   **(c)**  **Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in this Paragraph 9 occur.

   **(d)**  **Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraph 9. Lender shall not have the right to commence foreclosure until Borrower has had thirty (30) days after notice to either:

      (i)    Correct the matter which resulted in the Security Instrument coming due and payable; or

      (ii)   Pay the balance in full; or

      (iii)  Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

      (iv)  Provide the Lender with a deed-in-lieu of foreclosure.

   **(e)**  **Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph 9. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

**10.**  **No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed. If this Security Instrument is assigned to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

**11.**  **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security

Mortgage Cadence Inc. © 0329 03/06

Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full. Foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (a) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two (2) years immediately preceding the commencement of a current foreclosure proceeding; (b) reinstatement will preclude foreclosure on different grounds in the future; or (c) reinstatement will adversely affect the priority of the Security Instrument.

12. **Lien Status.**

    **(a)** **Modification.** Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a). If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense. If the title evidence indicates that the Property is not encumbered by any liens (except this Security Instrument, the Second Security Instrument described in Paragraph 13(a) and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute any documents necessary to protect the lien status of future loan advances. Borrower agrees to execute such documents.

    **(b)** **Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

    **(c)** **Prior Liens.** Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (i) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (ii) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (iii) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one more of the actions set forth above within ten (10) days of the giving of notice.

13. **Relationship to Second Security Instrument.**

    **(a)** **Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, unless otherwise provided by the Secretary, the Secretary has required Borrower to execute a Second Note and a Second Security Instrument on the Property.

Mortgage Cadence Inc. © 0329 03/06

**(b)**     **Relationship of First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the Note unless:

    (i)     This Security Instrument is assigned to the Secretary; or

    (ii)     The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

    If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, but excluding late charges paid by the Secretary, shall be included in the debt under the Note.

**(c)**     **Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not be required to pay any amounts of principal, interest, and shared appreciation, if any, owed under the Note.

**(d)**     **No Duty of the Secretary.** The Secretary has no duty to Lender to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though Lender may be unable to collect amounts owed under the Note because of restrictions in this Paragraph 13.

**14.**     **Forfeiture by Lender.** If Lender fails to make loan advances as required by the Loan Documents and Lender fails to cure the default after notice from the Borrower, Lender forfeits all principal and interest due on this Security Instrument, provided that this forfeiture does not apply if this Security Instrument is assigned to the Secretary of Housing and Urban Development.

**15.**     **Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**16.**     **Successors and Assigns Bound; Joint and Several Liability.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. Borrower may not assign any rights or obligations under this Security Instrument or under the Note, except to a trust that meets the requirements of the Secretary. Borrower's covenants and agreements shall be joint and several.

**17.**     **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 17.

**18.**     **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting

provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

19. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

20. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 20.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

21. **Foreclosure Procedure. If Lender requires immediate payment in full under Paragraph 9, Lender may invoke the power of sale. Except as otherwise provided herein, Borrower hereby waives any notice, demand, presentment, notice of non-payment or nonperformance, protest, notice of protest, notice of intent to accelerate, notice of acceleration, or any other notice or any other action. The failure to exercise any remedy available to Lender shall not be deemed to be a waiver of any rights or remedies of Lender under the Note, this Security Instrument or the Loan Agreement. As permitted by applicable law, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 21, including, but not limited to, reasonable attorneys' fees.**

22. **Foreclosure; Power of Sale. It is the express intention of Lender and Borrower that Lender shall have a fully enforceable lien on the Property. It is also the express intention of Lender and Borrower that Lender's default remedies shall include the most expeditious means of foreclosure available by applicable law, including, without limitation, foreclosure under a power of sale. The lien evidenced by this Security Instrument may be foreclosed only by court order, if the foreclosure is for a ground other than those described in Paragraph 9(a).**

Mortgage Cadence Inc. © 0329 03/06

24. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall provide a release of this Security Instrument to Borrower or Borrower's designated agent in accordance with Applicable Law. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

25. **Substitute Trustee; Trustee Liability.** All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together. Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any trustee without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title, rights, remedies, powers and duties conferred upon Trustee herein and by applicable law.

    Trustee shall not be liable if acting upon any notice, request, consent, demand, statement or other document believed by Trustee to be correct. Trustee shall not be liable for any act or omission unless such act or omission is willful.

26. **Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

27. **Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

28. **Obligatory Loan Advances.** Lender's responsibility to make Loan Advances under the terms of the Loan Agreement, including Loan Advances of principal to Borrower as well as Loan Advances for interest, MIP, Servicing Fees, and other charges shall be obligatory.

29. **Compliance with Section 50(v), Article XVI of the Texas Constitution.** Lender and Borrower agree that (a) the Borrower cannot use a credit card, debit card, preprinted solicitation check, or similar device to obtain an advance; (b) after the time the extension of credit is established, no transaction fee will be charged or collected solely in connection with any debit or advance; and (c) the Lender or holder may not unilaterally amend the extension of credit.

Mortgage Cadence Inc. © 0329 03/06

Lender shall follow any rules of civil procedure promulgated by the Texas Supreme Court related to the foreclosure of liens under Section 50(a)(7), Article XVI of the Texas Constitution, if applicable.

Lender may request Trustee to proceed with foreclosure under the power of sale. Any such request shall comply with such rules of civil procedure if they apply. Trustee is hereby authorized and empowered, and it shall be Trustee's special duty, upon such request of Lender, to sell the Property, or any part thereof, at public auction to the highest bidder for cash, in one or more parcels and in any order Trustee determines, with or without having taken possession of same. Any such sale (including notice thereof) shall comply with the applicable requirements, at the time of the sale, of Section 51.002 of the Texas Property Code or, if and to the extent such statute is not then in force, with the applicable requirements, at the time of the sale, of the successor statute or statutes, if any, governing sales of Texas real property under powers of sale conferred by deeds of trust. If there is no statute in force at the time of the sale governing sales of Texas real property under powers of sale conferred by deeds of trust, such sale shall comply with applicable law, at the time of the sale, governing sales of Texas real property under powers of sale conferred by deeds of trust.

Trustee shall deliver to the purchaser who acquires title to the Property pursuant to the foreclosure of the lien a Trustee's deed conveying the Property with general warranty of title by Borrower. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, court costs and reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Paragraph 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be tenants at sufferance and may be removed by writ of possession.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 22 or applicable law.

23. **Lien Priority.** The full amount secured by this Security Instrument shall have the same priority over any other liens on the Property as if the full amount had been disbursed on the date the initial disbursement was made, regardless of the actual date of any disbursement. The amount secured by this Security Instrument shall include all direct payments by Lender to Borrower and all other loan advances permitted by this Security Instrument for any purpose. This lien priority shall apply notwithstanding any State constitution, law or regulation, except that this lien priority shall not affect the priority of any liens for unpaid State or local governmental unit special assessments or taxes.

Mortgage Cadence Inc. © 0329 03/06

30. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es).]

[  ] Condominium Rider            [  ] Planned Unit Development Rider
[  ] Shared Appreciation Rider      [  ] Other [Specify]:

        BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____      _____
Witness                  Date       Witness                 Date

Borrowers:

*Lillian F. Caviel*
_____
Lillian F. Caviel

Mortgage Cadence Inc. © 0329 03/06

**Space Below This Line For Acknowledgment**

The State of Texas

County of _Fort Bend_

Before me _Jennifer Williamson_ _____ (name/title of officer)

on this day personally appeared _Lillian F. Caviel_ _____

_____

known to me (or proved to me) on the oath of _____ or through

_TX State Drivers License_ to be the person whose name Is subscribed
To the foregoing instrument And acknowledged before Me that he executed the same for the purposes
and consideration therein expressed.

In witness whereof I hereunto set my hand and official seal this
_5th_ day of _October_, 20 _10_ A.D.,

_____
Signature of Officer

_Notary Public_
Title of officer

My Commission expires : _10-26-11_

JENNIFER WILLIAMSON
Notary Public, State of Texas
My Commission Expires
October 26, 2011

Mortgage Cadence Inc. © 0329 03/06

# EXHIBIT "A"

Being a 0.24 acre tract of land situated in the Elizabeth Powell League (4,428 acres), Abstract No. 71, Fort Bend County, Texas, being all that certain tract of land described in deed to Lillian F. Humphrey-Caviel, as recorded in Instrument No. 2006002093, Deed Records of Fort Bend County, and being more particularly described by metes and bounds as follows:

COMMENCING at a found 1/2-inch iron pipe at the north corner of that certain 110 by 80 feet tract of land described in deed to Mardra A. Dawson, as recorded in Instrument No. 2004061079, said Deed Records, said iron rod being on the southwest line of Darst Road;

THENCE South 29° 56' 20" East (bearing base from aforesaid deed 2006002093), passing a found 1/2-inch iron rod at a distance of 60.70 feet and continuing a total distance of 245.00 feet to the POINT OF BEGINNING and north corner of aforesaid Caviel tract;

THENCE South 29° 56' 20" East, a distance of 80.00 feet along said southwest line to the east corner of said Caviel tract, from which a chain link fence corner bears South 18° 27' West, a distance of 7.2 feet;

THENCE South 58° 51' 10" West, a distance of 130.00 feet along the southeast line of said Caviel tract to the south corner of said tract, from which a chain link fence corner bears South 58° 51' 10" West, a distance of 111.0 feet;

THENCE North 29° 56' 20" West, a distance of 80.00 feet along the southwest line of said Caviel tract to the west corner of said tract;

THENCE North 58° 51' 10" East, a distance of 130.00 feet along the northwest line of said Caviel tract to the POINT OF BEGINNING and containing 10,398 square feet or 0.24 of one acre of land.

FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

*Dianne Wilson*

2010 Oct 18 01:54 PM                    2010102356

DA $59.00

Dianne Wilson COUNTY CLERK

FT BEND COUNTY TEXAS

# EXHIBIT H





NOTES
CM = CONTROLLING MONUMENT
THIS SURVEY IS VALID ONLY WITH ORIGINAL SIGNATURE IN BLACK INK
BEARINGS ARE BASED ON THE NORTHEAST LINE OF THE TRACT OF
LAND DESCRIBED IN INST NO 2006002093, D R F B C T

THIS IS TO DECLARE that on this date a survey was made on the ground, under my direction and supervision of the property located at 1820 DARST ROAD, Fort Bend County, Texas and being further described on Exhibit "A" attached hereto and made a part hereof

There are no visible conflicts or protrusions, except as shown

The subject property does not appear to lie within the limits of a 100-year flood hazard zone according to the map published by the Federal Emergency Management Agency, and has a Zone "X" Rating as shown by Map No 48157C0350 J, dated JANUARY 3, 1997  The statement that the property does or does not lie within a 100-year flood zone is not to be taken as a representation that the property will or will not flood  This survey is not to be used for construction purposes and is for the exclusive use of the herein named purchaser, mortgage company, and title company only and this survey is made pursuant to that one certain title commitment under the GF number shown hereon, provided by the title company named hereon and that on this date the easements, rights-of-way or other locatable matters of record of which the undersigned has knowledge or has been advised are as shown or noted hereon

DATE _____
ACCEPTED BY
_____
_____

DATE 09/24/10    TECH MSP  FIELD MD
FIELD DATE 09/20/10   JOB NO 910-0813
REVISED

PATRIOT SETTLEMENT SERVICES
GF NO 2010081201
MAPSCO NO 681-G

# *Precise Land Surveying, Inc.*

4625 Eastover Drive
Mesquite, Texas 75149
(972) 681-7072 Fax (972) 279-1508

### Exhibit "A"

Being a 0.24 acre tract of land situated in the Elizabeth Powell League (4,428 acres), Abstract No. 71, Fort Bend County, Texas, being all that certain tract of land described in deed to Lillian F. Humphrey-Caviel, as recorded in Instrument No. 2006002093, Deed Records of Fort Bend County, and being more particularly described by metes and bounds as follows.

COMMENCING at a found 1/2-inch iron pipe at the north corner of that certain 110 by 80 feet tract of land described in deed to Mardra A. Dawson, as recorded in Instrument No 2004061079, said Deed Records, said iron rod being on the southwest line of Darst Road;

THENCE South 29° 56' 20" East (bearing base from aforesaid deed 2006002093), passing a found 1/2-inch iron rod at a distance of 60.70 feet and continuing a total distance of 245.00 feet to the POINT OF BEGINNING and north corner of aforesaid Caviel tract;

THENCE South 29° 56' 20" East, a distance of 80 00 feet along said southwest line to the east corner of said Caviel tract, from which a chain link fence corner bears South 18° 27' West, a distance of 7.2 feet;

THENCE South 58° 51' 10" West, a distance of 130.00 feet along the southeast line of said Caviel tract to the south corner of said tract, from which a chain link fence corner bears South 58° 51' 10" West, a distance of 111 0 feet;

THENCE North 29° 56' 20" West, a distance of 80.00 feet along the southwest line of said Caviel tract to the west corner of said tract;

THENCE North 58° 51' 10" East, a distance of 130.00 feet along the northwest line of said Caviel tract to the POINT OF BEGINNING and containing 10,398 square feet or 0 24 of one acre of land.

This is to declare that on this date a survey was made on the ground, under my direction and supervision, of the above and foregoing description.

Registered Professional Land Surveyor No. 4604
September 23, 2010
910-0813

# EXHIBIT I

2022005291
ELECTRONICALLY RECORDED
Official Public Records
1/11/2022 1:13 PM

Laura Richard, County Clerk
Fort Bend County Texas
Pages:    9           Fee: $ 48.00

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

**FORECLOSURE SALE DEED**
**(With attached Affidavit and Notice of Foreclosure Sale for recording as one document)**

| | |
|---|---|
| **Deed of Trust Date:** | October 5, 2010 |
| **Grantor(s):** | LILLIAN CAVIEL |
| **Original Mortgagee:** | BANK OF AMERICA, N.A. |
| **Current Mortgagee:** | BANK OF AMERICA, N.A |
| **Recording Information:** | Recorded 10/18/2010 in Document 2010102356 of the real property records of Fort Bend County, Texas. |
| **Property Legal Description:** | SEE EXHIBIT A |
| **Date of Sale:** | 01/04/2022     **Time of Sale:** _10:13 AM_ |
| **Place of Sale:** | FORT BEND COUNTY FAIRGROUNDS - BUILDING C, 4310 HIGHWAY 36 SOUTH, ROSENBERG, TEXAS 77471 (BETWEEN THE HOURS OF 10:00a.m. AND 4:00 p.m.) OR AS DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE |
| **Buyer:** | BANK OF AMERICA, N.A |
| **Buyer's Mailing Address:** | C/O REVERSE MORTGAGE SOLUTIONS, INC. 14405 WALTERS ROAD, SUITE 200 HOUSTON, TX 77014 |
| **Amount of Sale:** | $ _130,000.00_ |

By Deed of Trust, Grantor conveyed to GARY J. SOMMERFELT, as Trustee, certain property for the purpose of securing and enforcing payment of the indebtedness and obligations therein described, including but not limited to the Note and all renewals and extensions of the note. AVT TITLE SERVICES, LLC was appointed Substitute Trustees per the terms of the Deed of Trust and Texas Property Code Sections 51.0075 and 51.0076 and was requested to enforce the trust BANK OF AMERICA, N.A, the current mortgagee of the Deed of Trust, who requested AVT TITLE SERVICES, LLC, as Substitute Trustee, to enforce the trust of the Deed of Trust.

Pursuant to the requirements of the Deed of Trust and the laws of the state of Texas, BANK OF AMERICA, N.A obtained an Order from the 400th District Court of Fort Bend County on 01/10/2020 under Cause No. 19-DCV-267568. A copy of the Order is attached hereto. Thereafter, written notice of the time, place, date, and terms of the public foreclosure sale of the Property was posted at the courthouse of Fort Bend County, Texas, the county in which the Property is situated, and a copy of the notice was also filed with the county clerk of Fort Bend County, Texas, each notice having been posted and filed for at least twenty-one days preceding the date of the foreclosure sale. Written notice of the time, date, place, and terms of the foreclosure sale was served on behalf of the current Mortgagee by certified mail on each debtor who, according to the records of the current Mortgagee, is obligated to pay any of the indebtedness and obligations. The certified-mail notices were timely sent by depositing the notices in the United States mail, postage prepaid in proper amount, and addressed to each debtor at the debtor's last

known address as shown by the records of the current Mortgagee at least twenty-one days preceding the date of the foreclosure. Written notice of default and of the opportunity to cure the default to avoid acceleration of the maturity of the note was served on behalf of the current Mortgagee by certified mail on each debtor who, according to the records of the current Mortgagee, is obligated to pay any of the indebtedness and obligations. The certified-mail notices were timely sent by depositing the notices in the United States mail, postage prepaid in proper amount, and addressed to each debtor at the debtor's last known address as shown by the records of the current Mortgagee at least thirty days preceding the date of the acceleration of the maturity of the note and the posting of the mortgaged Property for foreclosure.

In consideration of the premises and of the bid and payment of the amount of $ _130,000.00_ , the highest bid by Buyer, I, as Substitute Trustee, by virtue of the authority conferred on me in the Deed of Trust, have GRANTED, SOLD, and CONVEYED all of the Property to Buyer and Buyer's heirs and assigns, to have and to hold the Property, together with the rights, privileges, and appurtenances thereto belonging unto Buyer and Buyer's heirs and assigns forever. I, as the Substitute Trustee, do hereby bind Grantor and Grantor's heirs and assigns to WARRANT and FOREVER DEFEND the Property to Buyer and Buyer's heirs and assigns forever, against the claim or claims of all persons claiming the same or any part thereof.

Executed on _5TH_ day of _JANUARY_, 202_2_.

NAME: _____ Micheal D. Vestal
AUTHORIZED AGENT FOR AVT TITLE SERVICES, LLC

STATE OF TEXAS §
§
COUNTY OF ___Dallas___ §

BEFORE ME, the undersigned authority, on this day personally appeared _____Micheal D. Vestal_____, as authorized agent for the Substitute Trustee, known to me or to be the person whose name is subscribed to the foregoing instrument, and who acknowledged to me that he/she executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

Given under my hand and seal of office this _____ day of _____, 2022.

Notary Public, State of Texas

xxxxx0695/19-000140-126-1
HECM FHA
AFTER RECORDATION RETURN TO:
Mackie Wolf Zientz & Mann, P.C.
Parkway Office Center, Suite 900
14160 Dallas Parkway
Dallas, Texas 75254

E HARRIS KAY
Notary Public, State of Texas
Comm. Expires 05-08-2023
Notary ID 12881348-2

## AFFIDAVIT

BEFORE ME, the undersigned on this day personally appeared ~~Lori Liane Long~~, L.Keller Mackie, ~~Brandon Wolf, Chelsea Schneider, Ester Gonzales~~ and after being duly sworn, deposed and states under oath, as follows:

1. I am over the age of eighteen (18), have not been convicted of a crime of moral turpitude and have personal knowledge of the facts contained in this affidavit.

2. All notices required pursuant to the terms of the Deed of Trust and Texas Property Code Section 51.002(b) and (d) were provided to the debtors.

3. In accordance with Texas Property Code Section 51.002, the Notice of Sale was posted at least twenty-one (21) days prior to the date of sale at the proper location designated by the County Commissioner's Court. Additionally, a copy of the Notice of Sale was filed at least twenty-one (21) days prior to the date of sale in the office of the County Clerk of the county in which the sale occurred.

4. At this time of the Foreclosure Sale and twelve (12) months prior to the sale, the debtors were not in the armed services of the United States of America.

5. At the time of the Foreclosure Sale the debtors were alive, were not protected by any stay under the United States Bankruptcy Code and were not involved in any divorce proceedings where a receiver had been appointed.

~~Lori Liane Long~~, L.Keller Mackie, ~~Brandon Wolf, Chelsea Schneider, Ester Gonzales~~.

STATE OF TEXAS §
§
COUNTY OF Dallas §

SUBSCRIBED AND SWORN TO before me by ~~Lori Liane Long~~, L.Keller Mackie, ~~Brandon Wolf, Chelsea Schneider, Ester Gonzales~~, on this 7 day of January, 2022.

Notary Public, State of Texas

MWZM#:        19-000140-126-1
Property Address:  1820 DARST ROAD, BEASLEY, TX 77417

E HARRIS KAY
Notary Public, State of Texas
Comm. Expires 05-06-2023
Notary ID 12861348-2

EXHIBIT A

BEING A 0.24 ACRE TRACT OF LAND SITUATED IN THE ELIZABETH
POWELL LEAGUE (4,428 ACRES), ABSTRACT NO. 71 FORT BEND
COUNTY, TEXAS, BEING ALL THAT CERTAIN TRACT OF LAND
DESCRIBED IN DEED TO LILLIAN F. HUMPHREY-CAVIEL, AS
RECORDED IN INSTRUMENT NO. 2006002093, DEED RECORDS OF FORT
BEND COUNTY, AND BEING MORE PARTICULARLY DESCRIBED BY
METES AND BOUNDS AS FOLLOWS:

COMMENCING AT A FOUND 1/2-INCH IRON PIPE AT THE NORTH
CORNER OF THAT CERTAIN 110 BY 80 FEET TRACT OF LAND
DESCRIBED IN DEED TO MARDRA A. DAWSON, AS RECORDED IN
INSTRUMENT NO. 2004061079, SAID DEED RECORDS, SAID IRON ROD
BEING ON THE SOUTHWEST LINE OF DARST ROAD;

THENCE SOUTH 29 DEGREES 56 MINUTES 20 SECONDS EAST
(BEARING BASE FROM AFORESAID DEED 2006002093), PASSING A
FOUND 1/2-INCH IRON ROD AT A DISTANCE OF 60.70 FEET AND
CONTINUING A TOTAL DISTANCE OF 245.00 FEET TO THE POINT OF
BEGINNING AND NORTH CORNER OF AFORESAID CAVIEL TRACT;

THENCE SOUTH 29 DEGREES 56 MINUTES 20 SECONDS, EAST A
DISTANCE OF 80.00 FEET ALONG SAID SOUTHWEST LINE TO THE
EAST CORNER OF SAID CAVIEL TRACT, FROM WHICH A CHAIN LINK
FENCE CORNER BEARS SOUTH 18 DEGREES 27 MINUTES WEST, A
DISTANCE OF 7.2 FEET;

THENCE SOUTH 58 DEGREES 51 MINUTES 10 SECONDS WEST, A
DISTANCE OF 130.00 FEET ALONG THE SOUTHEAST LINE OF SAID
CAVIEL TRACT TO THE SOUTH CORNER OF SAID TRACT, FROM
WHICH A CHAIN LINK FENCE CORNER BEARS SOUTH 58 DEGREES 51
MINUTES 10 SECONDS WEST, A DISTANCE OF 111.0 FEET;

THENCE NORTH 29 DEGREES 56 MINUTES 20 SECONDS WEST, A
DISTANCE OF 80.00 FEET ALONG THE SOUTHWEST LINE OF SAID
CAVIEL TRACT TO THE WEST CORNER OF SAID TRACT;

THENCE NORTH 58 DEGREES 51 MINUTES 10 SECONDS EAST, A
DISTANCE 130.00 FEET ALONG THE NORTHWEST LINE OF SAID
CAVIEL TRACT TO THE POINT OF BEGINNING AND CONTAINING
10,398 SQUARE FEET OR 0.24 OF ONE ACRE OF LAND.

Filed
11/27/2019 7:56 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. 19-DCV-267568

| | | |
|---|---|---|
| IN RE: ORDER FOR FORECLOSURE<br>CONCERNING 1820 DARST ROAD<br>BEASLEY, TX 77417 UNDER TEX. R. CIV.<br>PROC. 736 | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| PETITIONER: | §<br>§ | FORT BEND COUNTY, TEXAS |
| BANK OF AMERICA, N.A | §<br>§ | |
| RESPONDENT(S): | §<br>§ | |
| LILLIAN CAVIEL | § | 400th JUDICIAL DISTRICT__ |

**DEFAULT ORDER**

1.  On this date the Court considered Petitioner's Motion for Default Order granting its application for an

    expedited order under Rule 736. Petitioner's application complies with the requirements of Texas Rule of

    Civil Procedure 736.1.

2.  The name and last known address of each Respondent subject to this order is:

| | |
|---|---|
| LILLIAN CAVIEL<br>1820 DARST ROAD<br>BEASLEY, TX 77417 | |

Each respondent was properly served with the citation, but none filed a response within the time required by law.

The return of service for each Respondent has been on file with the court for at least ten days.

3.  The Property that is the subject of this foreclosure proceeding is commonly known as 1820 DARST

    ROAD, BEASLEY, TX 77417 with the following legal description:

    **SEE ATTACHED EXHIBIT A**

4.  The lien sought to be foreclosed is indexed or recorded at Document 2010102356 and recorded in the real

    property records of Fort Bend County, Texas.

5.  The material facts establishing Respondent's default are alleged in Petitioner's application and the

    supporting affidavit. Those facts are adopted by the court and incorporated by reference in this order.

6.  Based on the affidavit of Petitioner, no Respondent subject to this order is protected from foreclosure by

19-000140-126-1

OUTED TO COURT   12/3/2019 SJ

.T'D TO D. CLERK

the Servicemembers Civil Relief Act, 50 U.S.C. App § 501 et seq.

7. Therefore, the Court grants Petitioner's motion for a default order under Texas Rules of Civil Procedure 736.7 and 736.8. Petitioner may proceed with foreclosure of the property described above in accordance with applicable law and the loan agreement sought to be foreclosed.

8. This Order is not subject to a motion for rehearing, a new trial, a bill of review, or an appeal. Any challenge to this order must be made in a separate, original proceeding filed in accordance with Texas Rule of Civil Procedure 736.11.

SIGNED this 10th day of January , ~~2019~~ 2020

_____
JUDGE PRESIDING

BRADLEY SMITH
SENIOR JUDGE
SITTING BY ASSIGNMENT

**Approved and Entry Requested:**

MACKIE WOLF ZIENTZ & MANN, P.C.
Lori Liane Long
Attorney, State Bar No. 24072443
llong@mwzmlaw.com
Chelsea Schneider
Attorney, State Bar No. 24079820
cschneider@mwzmlaw.com
Brandon Wolf
Attorney, State Bar No. 24025724
bwolf@mwzmlaw.com
Ester Gonzales
Attorney, State Bar No. 24012708
egonzales@mwzmlaw.com

Parkway Office Center, Suite 900
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650 (Phone)
(214) 635-2686 (Fax)

19-000140-126-1

# EXHIBIT "A"



Being a 0.24 acre tract of land situated in the Elizabeth Powell League (4,428 acres), Abstract No. 71, Fort Bend County, Texas, being all that certain tract of land described in deed to Lillian F. Humphrey-Caviel, as recorded in Instrument No. 2006002093, Deed Records of Fort Bend County, and being more particularly described by metes and bounds as follows:

COMMENCING at a found 1/2-inch iron pipe at the north corner of that certain 110 by 80 feet tract of land described in deed to Mardra A. Dawson, as recorded in Instrument No. 2004061079, said Deed Records, said iron rod being on the southwest line of Darst Road;

THENCE South 29° 56' 20" East (bearing base from aforesaid deed 2006002093), passing a found 1/2-inch iron rod at a distance of 60.70 feet and continuing a total distance of 245.00 feet to the POINT OF BEGINNING and north corner of aforesaid Caviel tract;

THENCE South 29° 56' 20" East, a distance of 80.00 feet along said southwest line to the east corner of said Caviel tract, from which a chain link fence corner bears South 18° 27' West, a distance of 7.2 feet;

THENCE South 58° 51' 10" West, a distance of 130.00 feet along the southeast line of said Caviel tract to the south corner of said tract, from which a chain link fence corner bears South 58° 51' 10" West, a distance of 111.0 feet;

THENCE North 29° 56' 20" West, a distance of 80.00 feet along the southwest line of said Caviel tract to the west corner of said tract;

THENCE North 58° 51' 10" East, a distance of 130.00 feet along the northwest line of said Caviel tract to the POINT OF BEGINNING and containing 10,398 square feet or 0.24 of one acre of land.

FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

*Dianne Wilson*

2010 Oct 18 01:54 PM

DA $58.00

2010102356

Dianne Wilson COUNTY CLERK
FT BEND COUNTY TEXAS

FILED

2021 DEC -9  AM 8: 56

COUNTY CLERK
FORT BEND COUNTY TEXAS

## NOTICE OF FORECLOSURE SALE

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OR ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

**1.** *Property to Be Sold.* The property to be sold is described as follows: BEING A 0.24 ACRE TRACT OF LAND SITUATED IN THE ELIZABETH POWELL LEAGUE (4,428 ACRES), ABSTRACT NO. 71 FORT BEND COUNTY, TEXAS, BEING ALL THAT CERTAIN TRACT OF LAND DESCRIBED IN DEED TO LILLIAN F. HUMPHREY-CAVIEL, AS RECORDED IN INSTRUMENT NO. 2006002093, DEED RECORDS OF FORT BEND COUNTY, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:
COMMENCING AT A FOUND 1/2-INCH IRON PIPE AT THE NORTH CORNER OF THAT CERTAIN 110 BY 80 FEET TRACT OF LAND DESCRIBED IN DEED TO MARDRA A. DAWSON, AS RECORDED IN INSTRUMENT NO. 2004061079, SAID DEED RECORDS, SAID IRON ROD BEING ON THE SOUTHWEST LINE OF DARST ROAD;
THENCE SOUTH 29 DEGREES 56 MINUTES 20 SECONDS EAST (BEARING BASE FROM AFORESAID DEED 2006002093), PASSING A FOUND 1/2-INCH IRON ROD AT A DISTANCE OF 60.70 FEET AND CONTINUING A TOTAL DISTANCE OF 245.00 FEET TO THE POINT OF BEGINNING AND NORTH CORNER OF AFORESAID CAVIEL TRACT;
THENCE SOUTH 29 DEGREES 56 MINUTES 20 SECONDS, EAST A DISTANCE OF 80.00 FEET ALONG SAID SOUTHWEST LINE TO THE EAST CORNER OF SAID CAVIEL TRACT, FROM WHICH A CHAIN LINK FENCE CORNER BEARS SOUTH 18 DEGREES 27 MINUTES WEST, A DISTANCE OF 7.2 FEET;
THENCE SOUTH 58 DEGREES 51 MINUTES 10 SECONDS WEST, A DISTANCE OF 130.03 FEET ALONG THE SOUTHEAST LINE OF SAID CAVIEL TRACT TO THE SOUTH CORNER OF SAID TRACT, FROM WHICH A CHAIN LINK FENCE CORNER BEARS SOUTH 58 DEGREES 51 MINUTES 10 SECONDS WEST, A DISTANCE OF 111.0 FEET;
THENCE NORTH 29 DEGREES 56 MINUTES 20 SECONDS WEST, A DISTANCE OF 80.00 FEET ALONG THE SOUTHWEST LINE OF SAID CAVIEL TRACT TO THE WEST CORNER OF SAID TRACT;
THENCE NORTH 58 DEGREES 51 MINUTES 10 SECONDS EAST, A DISTANCE 130.00 FEET ALONG THE NORTHWEST LINE OF SAID CAVIEL TRACT TO THE POINT OF BEGINNING AND CONTAINING 10,398 SQUARE FEET OR 0.24 OF ONE ACRE OF LAND.

**2.** *Instrument to be Foreclosed.* The instrument to be foreclosed is the Deed of Trust dated 10/05/2010 and recorded in Document 2010102356 real property records of Fort Bend County, Texas.

**3.** *Date, Time, and Place of Sale.* The sale is scheduled to be held at the following date, time, and place:

Date:       01/04/2022

Time:       10:00 AM

Place:      Fort Bend County, Texas at the following location: FORT BEND COUNTY FAIRGROUNDS - BUILDING C, 4310 HIGHWAY 36 SOUTH, ROSENBERG, TEXAS 77471 (BETWEEN THE HOURS OF 10:00a.m. AND 4:00 p.m.) OR AS DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE or as designated by the County Commissioners Court.

**4.** *Terms of Sale.* The sale will be conducted as a public auction to the highest bidder for cash. Pursuant to the deed of trust, the mortgagee has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property. Pursuant to section 51.009 of the Texas Property Code, the property will be sold in AS IS, WHERE IS condition, without any express or implied warranties, except as to the warranties of title, if any, provided for under the deed of trust.

**5.** *Obligations Secured.* The Deed of Trust executed by LILLIAN CAVIEL, provides that it secures the payment of the indebtedness in the original principal amount of $181,500.00, and obligations therein described including but not limited to (a) the promissory note; and (b) all renewals and extensions of the note. BANK OF AMERICA, N.A is the current mortgagee of the note and deed of trust and REVERSE MORTGAGE SOLUTIONS, INC. is mortgage servicer. A servicing agreement between the mortgagee, whose address is BANK OF AMERICA, N.A c/o REVERSE MORTGAGE SOLUTIONS, INC., 14405 Walters Road, Suite 200, Houston, TX 77014 and the mortgage servicer and Texas Property Code § 51.0025 authorizes the mortgage servicer to collect the debt.

**6.** *Order to Foreclose.* BANK OF AMERICA, N.A obtained an Order from the 400th District Court of Fort Bend County on 01/10/2020 under Cause No. 19-DCV-267568. The mortgagee has requested a Substitute Trustee conduct this sale pursuant to the Court's Order.

**7.** *Substitute Trustee(s) Appointed to Conduct Sale.* In accordance with Texas Property Code Sec. 51.0076, the undersigned attorney for the mortgage servicer has named and appointed, and by these presents does name and appoint AVT Title Services, LLC, located at 5177 Richmond Avenue Suite 1230, Houston, TX 77056, Substitute Trustee to act under and by virtue of said Deed of Trust.

THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

19-000140-126-1 // 1820 DARST ROAD, BEASLEY, TX 77417

Mackie Wolf Zientz & Mann, P.C.
Brandon Wolf, Attorney at Law
L. Keller Mackie, Attorney at Law
Michael Zientz, Attorney at Law
Lori Liane Long, Attorney at Law
Chelsea Schneider, Attorney at Law
Ester Gonzales, Attorney at Law
Parkway Office Center, Suite 906
14160 Dallas Parkway
Dallas, TX 75254

**Certificate of Posting**

I am _____ Rafael Rebong _____ whose address is c/o AVT Title Services, LLC, 5177 Richmond Avenue, Suite 1230,
Houston, TX 77056. I declare under penalty of perjury that on ___12-9-21___ I filed this Notice of Foreclosure Sale at the office
of the Fort Bend County Clerk and caused it to be posted at the location directed by the Fort Bend County Commissioners Court.

19-000140-126-1 // 1830 DARST ROAD, BEASLEY, TX 77417