IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| RHETT CAVIEL, MORGAN L. JACKSON, HEWEN P. HUMPHREY, III, MARTHA HUMPHREY McQUEEN, HOMER HUMPHREY, LEO C. HUMPHREY, FRANK HUMPHREY, BARABARA J. HUMPHREY ARMSTEAD, and THE UNKNOWN HEIRS AT LAW OF ANTHONY R. HUMPHREY, DECEASED, | § § § § § § § § § § § § | Civil Action No. 4:22-cv-02747 |
| Defendants. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT AGAINST DEFENDANT RHETT CAVIEL**

Bank of America, N.A. ("Plaintiff" or "BANA") files this this Reply to the Response filed by Defendant Rhett Caviel to Plaintiff's Motion for Summary Judgment against him, and states as follows:

**1. Declaration is Constructed as a Substantive Claim to Quiet Title**

Rhett Caviel objects to the Motion on the basis that "Plaintiff failed to include an independent cause of action," and declaratory judgment is only a procedural device. (Response at ¶15.) The federal Declaratory Judgment Act provides that the court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or court be sought." 28 U.S.C. § 2201(a). A declaratory judgment is a procedural mechanism to adjudicate an actual controversy arising from another substantive law. *Junction Pipeline Co., LLC v. Plains All Am. Pipeline, L.P.*, No. H-18-3347, 2019 U.S. Dist. LEXIS 17617, at *41-42

(S.D. Tex. Feb. 4, 2019) (citing *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 57 S. Ct. 461, 81 L. Ed. 617 (1937)). The party bringing a claim for declaratory judgment must demonstrate an actual controversy between the parties, and a not merely a hypothetical situation. *Tex. Cent. Bus. Lines Corp. v. City of Midlothian*, 669 F.3d 525, 534 (5th Cir. 2012). "An 'actual controversy' is a dispute that is 'definite and concrete, touching the legal relations of parties having adverse legal interests.'" *Junction Pipeline Co.*, 2019 U.S. Dist. LEXIS 17617, at *42 (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007)).

"When a litigant seeks a declaratory judgment that he or she is the rightful property owner, that the deed of trust and assignments are void, and that defendants have no right to a property, the court construes those claims as that for quiet title and injunctive relief." *Esquivel v. Fudge*, Civil Action No. 3:22-CV-0556-L, 2023 U.S. Dist. LEXIS 154098, *41 (N.D. Tex. 2023). Under Texas law, a claim to remove cloud from title "requires the plaintiff to show the invalidity of a defendant's claim to the property." *Id.* (citing *Lance v. Robinson*, 543 S.W.3d 723, 738 (Tex. 2018)). The plaintiff must demonstrate his right to ownership and equity will remove the defendant's cloud on title. *Lance*, 543 S.W.3d at 739. The elements of quiet title are: (1) plaintiff's right, title, or ownership in real property; (2) that the defendant has asserted a "cloud" that affects or impair the plaintiff's title; and (3) that the defendant's claim or encumbrance is invalid. *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 436 (5th Cir. 2014).

The current action involves Plaintiff's request the court to declare that, pursuant to the Deed of Trust, the Adjoining Tract is appurtenant to the Caviel Tract and subject to the Plaintiff's lien. The request for this declaration is construed as a quiet title claim arising under substantive real property law. *Esquivel*, 2023 U.S. Dist. LEXIS 154098, at *41. There is no dispute that

Plaintiff owns the Caviel Tract after foreclosure. (*See* P's Motion at Exh. I.) The plain language of the Deed of Trust extends the encumbered property to include all improvements, appurtenances, and fixtures that as of the date of the Loan Agreement or thereafter constructed as part of the described property. (*Id.* at Exh. F, p.2.) Rhett Caviel's claim to the Remaining Tract is creating a cloud on Plaintiff's title, and his claim is not valid under the express terms of the Deed of Trust. In his Response, Rhett Caviel does not dispute that the propane tank) servicing the Property, as well as two storage structures, one tied in to the main residence driveway with a sidewalk, all sit on the Remaining Tract and service the Caviel Tract. (*See*, *generally*, Response.) Declaratory judgment is proper on Plaintiff's appurtenance claim.

### 2. Ownership Interests in the Remaining Tract

Rhett Caviel claims he is sole owner of the Remaining Tract. (Response at ¶8.) Lillian Caviel did convey her interest in the Remaining Tract to Rhett Caviel by a Quitclaim Deed on June 26, 2017. (P's Mot. at Exhibit H.) However, she was not the sole title-interest owner at that time.

The following heirs of Hewen Humphrey and Cora Humphrey inherited the Remaining Tract and Caviel Tract upon their death: Morgan L. Jackson, Hewen P. Humphrey, III, Lillian Humphrey Caviel, Martha Humphrey McQueen, Homer Humphrey, Leo C. Humphrey, Frank Humphrey, and Barbara J. Humphrey Armstead, and Ennis Humphrey. (*See* Pl's Mot. at Exh. C.) Lillian Humphrey Caviel's siblings did convey their interests in the Caviel Tract to her, but the siblings retained their ownership interests in the Remaining Tract. (*See* Pl's Mot. at Exhs. C, D, E.) Lillian Humphrey Caviel could only transfer the portion of title to the Remaining Tract that she owned at the time, and not that of her siblings. Regardless, Rhett Caviel's contention that the

siblings are not necessary parties is not germane to consideration of Plaintiff's motion solely against him.[1]

### 3. Request for Reformation Based on Declaration of Appurtenance

Rhett Caviel contends that Plaintiff failed to show a mutual mistake in the transcription of the property description in the deed, an essential element of an equitable claim for reformation. (*See* Response at ¶¶10, 14.). While Plaintiff did plead a separate cause for equitable reformation, it moved for summary judgment for reformation only if necessary to effectuate the declaration of the Remaining Tract as appurtenant to the Caviel Tract. (*See* P's Mot. at §VI.B.)

## VII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Court grant this Motion and enter judgment against Defendant Rhett Caviel;

    a.    declaring that the Remaining Tract is appurtenant to the Caviel Tract;

    b.    reforming the deeds and instruments of record to include the full legal description for the Remaining Tract in addition to the revised description of the Caviel Tract already contained therein; and

    c.    awarding Plaintiff such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Plaintiff*

---

[1] The siblings do not appear to contest Plaintiff's requests for relief with respect to the Remaining Tract.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served via ECF notification on the following counsel of record on September 15, 2023:

Marcella A. Hagger
LAND, LABOR & CAPITAL PLLC
5718 Westheimer Rd. Ste. 1000.
Houston, Texas 77057
mahagger.legal@gmail.com

                                                  */s/ Mark D. Cronenwett*
                                                  **MARK D. CRONENWETT**