United States District Court
Southern District of Texas
**ENTERED**
March 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:22-CV-02747 |
| | § |
| RHETT CAVIEL, *et al.*, | § |
| | § |
| Defendants. | § |

# ORDER

Before the Court are Plaintiff Bank of America, N.A.'s Motion for Summary Judgment (Doc. #24), Defendant Rhett Caviel's Response (Doc. #28), and Plaintiff's Reply (Doc. #29). On January 4, 2022, Plaintiff Bank of America, N.A. ("Plaintiff") purchased .24-acres of real property located at 1820 Darst Road in Beasley, Texas (the "Property"), in a foreclosure sale. Doc. #24 at 8. The Foreclosure Sale Deed (the "Deed") is specific to the Property. Doc. #24, Ex. 1 at 70–73. Plaintiff states that after the foreclosure was finalized, it discovered a propane tank and two storage structures that are entirely situated on land adjacent to the Property. Doc. #24 at 8. Plaintiff contends that the propane tank services the residence on the Property. *Id.* It is unclear what importance the two storage structures are to the Property. At any rate, Plaintiff contends that it is "unable to use, market, and/or sell the [Property]" due to the location of the propane tank and storage structures. *Id.* at 12.

On August 12, 2022, Plaintiff sued Defendants Rhett Caviel, Morgan L. Jackson, Hewen P. Humphrey III, Martha Humphrey McQueen, Homer Humphrey, Leo C. Humphrey, Frank Humphrey, Barbara J. Humphrey Armstead, and the Unknown Heirs at Law of Anthony R.

Humphrey. Doc. #1. In its Complaint and its Motion for Summary Judgment, Plaintiff seeks a declaration that the Deed included the land upon which the propane tank and two storage structures are located (hereinafter, the "Remaining Tract") and a reformation of the Deed "to include the full and correct legal description" of the Property to include the Remaining Tract. Doc. #1 at 9; Doc. #24 at 9. Defendant Rhett Caviel ("Defendant") is a co-owner of the Remaining Tract and the only Defendant to file a Response to Plaintiff's Motion for Summary Judgment. Doc. #28. Defendant argues that summary judgment is improper because the federal Declaratory Judgment Act does not create a substantive cause of action, and Plaintiff has failed to meet its burdens to warrant the declaratory judgment and reformation it seeks. Doc. #28 at 2.

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. "A genuine dispute as to a material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (cleaned up).

Plaintiff seemingly seeks a declaratory judgment pursuant to the Declaratory Judgment Act. *See* Doc. #1. In its Complaint, Plaintiff styles its first cause of action as "Declaratory Judgment Appurtenance/Fixture." *Id.* at 9. Plaintiff states that the Deed "expressly extends to all improvements, fixtures, and appurtenances on the [P]roperty" and the Remaining Tract and the improvements thereon. *Id.* Plaintiff does not assert any other substantive cause of action that underlies its request for a declaratory judgment. *Id.* Defendant notes in his Response that this lack of a substantive cause of action renders summary judgment pursuant to the Declaratory Judgment Act improper. Doc. #28 at 2. In its Reply, Plaintiff states that its request for a declaration is construed as a quiet title claim. Doc. #29 at 2.

The Fifth Circuit has stated, "The federal Declaratory Judgment Act, 28 U.S.C. § 2201, is procedural only, not substantive, and hence the relevant cause of action must arise under some other federal law for section 1331 to afford jurisdiction of a declaratory judgment suit." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984). If there is no underlying substantive claim, then there is no legal action upon which declaratory relief can be granted. *See Lewis v. Citadel Servicing Corp.*, No. 4:21-cv-01294, 2023 WL 7926809, at *6 (S.D. Tex. Nov. 16, 2023).

Here, Plaintiff does not plead any underlying substantive claim upon which to base the declaratory judgment sought. *See* Doc. #1. Instead, Plaintiff asserts the declaratory judgment as a cause of action. But as the Fifth Circuit has made clear, there is no cause of action in the Declaratory Judgment Act. *Lowe*, 723 F.2d at 1179. Even if the Court were to accept Plaintiff's contention in its Reply brief that its request for a declaration is construed as a quiet title claim, Plaintiff has failed to meet its summary judgment burden. *See* Doc. #29 at 2 (simply stating that "[t]he request for this declaration is construed as a quiet title claim arising under substantive real property law" without making further arguments to prove how or why it is a quiet title claim). As such, Plaintiff fails to meet its burden. Accordingly, Plaintiff's Motion for Summary Judgment is denied as to the declaratory judgment.

In its second cause of action, titled "Reformation," Plaintiff states that it is entitled to a reformation of the legal description of the Property in the Deed to include both the Property and the Remaining Tract. Doc. #1 at 10. The bases for Plaintiff's claim are that the mapping, property record filings, and the intentions of the parties demonstrate that the legal description in the Deed should be reformed. *Id.* Defendant contends that Plaintiff has not met its burden to receive a reformation of the legal description of the Deed. Doc. #28 at 3.

Under Texas law, "a plaintiff seeking reformation of a contract must prove (1) an original agreement between the parties and (2) a mistake by both parties occurring after the original agreement in reducing the original agreement to writing." *Genesis Agregados Honduras, S.A. De C.V. v. Cross*, No. H-12-0242, 2013 WL 2189872, at *2 (S.D. Tex. May 16, 2013). "Mutual mistake 'must not routinely be available to avoid the result of an unhappy bargain.'" *Id.* (quoting *Comiskey v. FH Partners, LLC*, 373 S.W.3d 620, 633 (Tex. App.—Houston [14th Dist.] 2012, pet denied)). Generally, if seeking relief based on a mutual mistake, a party must present clear and convincing evidence that it is entitled to such relief. *Diamondback Indus., Inc. v. Repeat Precision, LLC*, No. W-19-CV-00034-ADA, 2019 WL 7759501, at *1 (W.D. Tex. Dec. 22, 2019).

Plaintiff fails to put forth any evidence, and certainly not clear and convincing evidence, that the there was some mistake when reducing the Deed to writing that erroneously excluded the Remaining Tract from the legal definition of the Property. In essence, Plaintiff asks the Court to create a contract that the parties did not agree to, which is not within the Court's power to do. *Cross*, 2013 WL 2189872, at * 2 ("A court cannot make a contract to which the parties had not agreed."). As such, Plaintiff's claim for a reformation of the Deed fails as a matter of law, and its Motion for Summary Judgment is denied as to this claim.

Accordingly, for the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. #24) is DENIED. Based on the Court's determination that Plaintiff's claims lack merit, this case is hereby DISMISSED WITH PREJUDICE.

It is so ORDERED.

MAR 0 5 2024
Date

The Honorable Alfred H. Bennett
United States District Judge