**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BANK OF AMERICA**<br> **Plaintiff,** | § <br> § <br> § <br> § | |
| **v.** | § <br> § <br> § | **Civil Action No. 4:22-cv-02747** |
| **RHETT CAVIEL**<br> **Defendant.** | § <br> § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 59(e) MOTION FOR RECONSIDERATION OF JUDGMENT

Rhett Caviel ("Defendant ") files this Response to Plaintiff's Rule 59(e) Motion for Reconsideration of Judgment. Defendant requests the Court not vacate its judgment because the plaintiff waited more than 10 days after the Court signed its order dismissing this case with prejudice, plaintiff has not submitted any new evidence, plaintiff has not asserted the passage of any new legislation, and this Court made no errors in law or facts. Defendant shows as follows:

### I.      SUMMARY

1. On August 1, 2022, plaintiff filed a complaint against defendant for Declaratory Judgement Appurtenance/Fixture and Reformation. (ECF Doc. No. 1).

2. On February 21, 2023, defendant filed An Original Answer which included a General Denial. (ECF Doc. No. 20).

3. On August 4, 2023, plaintiff filed a motion for final summary judgement for a declaration that the Deed of Trust lien covered the Remaining Tract as an appurtenance to the Caviel Tract and Reformation of the legal description in the Deed of Trust, Foreclosure Sale Deed, and any other necessary instrument to include the Remaining Tract. (ECF Doc. No.24).

4. On September 8, 2023, Defendant filed a Response to Defendant's Motion for Summary

Judgment. (ECF Doc. No. 28).

5. On September 15, 2023, Plaintiff filed a Response to Defendant's Response to Plaintiff's Motion for Summary Judgment. (ECF Doc. No. 29).

6. On March 5, 2024, this Court signed an order Denying Plaintiff's Motion for Summary Judgement and dismissed this case with prejudice. (ECF Doc. No. 32).

7. On April 2, 2024, Plaintiff filed a 59 (e) Motion for Reconsideration. (ECF Doc. No. 33).

## II.   STANDARD

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 Fed.Appx. 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788, at *6 (5th Cir. 2009) (quoting *Templet*, 367 F.3d at 479). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 Fed.Appx. 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)). A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." *Id.* (citing *Ross*, 426 F.3d at

763). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)); *see also Tate v. Starks*, 444 Fed.Appx. 720, 729 (5th Cir. June 21, 2011).  Capstone Associated Servs., Ltd. v. Organizational Strategies, Inc., No. CV H-15-3233, 2016 WL 2939076, at *3 (S.D. Tex. May 20, 2016).

## III.    ARGUMENT AND AUTHORITIES

### A.  Plaintiff did not present any newly discovered evidence, thus Plaintiff's Motion for reconsideration should be rejected.

Federal Rule of Civil Procedure 59(e) allows motions to alter or amend judgment. Such motions serve the narrow purpose of allowing a party "to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. International Fidelity Insurance Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1982), *affd.* 735 F.2d 1367 (7th Cir.1984). Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989).

Plaintiff asserted no newly discovered evidence in its Motion for Reconsideration, only additional facts. (ECF Doc. No. 33 at p. 3-4).  These facts include: a Violation Notice issued by Fort Bend County Environmental Health Department on June 30, 2022 (ECF Doc. No. 33 at p.3), an exchange of emails between Plaintiff's counsel and Christopher Bryson, Assistant Chief Sanitarian for Fort Bend County Health for & Human Services on September 1, 2022 (ECF Doc. No. 33 at p.3), and a report completed by Registered Professional Sanitarian Roy Varnon on May 19, 2023 (ECF Doc. No. 33 at 3-4). All of the facts asserted by Plaintiff predate its Motion for Reconsideration predate the Plaintiff's Motion for Reconsideration. Thus, Plaintiff fails to present any newly discovered evidence.

### B.  The Court did not Error in its analysis regarding Plaintiff's cause of action for a Declaratory Judgment Appurtenance/Fixture

### i.      Plaintiff raised no underlying substantive claim

Plaintiff sought a Declaratory Judgment Appurtenance/Fixture in its initial complaint (ECF Doc. No. 1 at p. 9). Plaintiff compounded this request in its Motion for Summary Judgment (ECF Doc. No. 24 at p. 10-11). Plaintiff did not assert any other substantive cause of action that underlies its request for a declaratory judgment. The Fifth Circuit has stated, "The federal Declaratory Judgment Act, 28 U.S.C. § 2201, is procedural only, not substantive, and hence the relevant cause of action must arise under some other federal law for section 1331 to afford jurisdiction of a declaratory judgment suit." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.,* 723 F.2d 1173, 1179 (5th Cir. 1984). If there is no underlying substantive claim, then there is no legal action upon which declaratory relief can be granted. *See Lewis v. Citadel Servicing Corp.,* No. 4:21-cv-01294, 2023 WL 7926809, at *6 (S.D. Tex. Nov. 16, 2023).

### ii.      Plaintiff is attempting to rehash legal theories, or arguments that could have been offered or raised before the entry of judgment.

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Armour v. Knowles, No. CIV.A. H-05-2407, 2006 WL 3624959, at *1 (S.D. Tex. Dec. 11, 2006).

In Plaintiff's motion for reconsideration, Plaintiff asserts that this Court did not directly address Plaintiff's appurtenance theory. (ECF Doc. No. 33). Yet, the Plaintiff's appurtenance theory was included in the Plaintiff's Response to Defendant's Response to Defendant's Motion for Summary Judgment (ECF Doc. No. 29 at p. 2-3).

Plaintiff also argues in its Motion for Reconsideration that a property owner's suit to determine and establish an appurtenance is one to quiet title. (ECF Doc. No. 33). This argument was also raised in Plaintiff's Reply in Support of its Motion for Summary Judgment. (ECF Doc. No. 29). In its Motion for Reconsideration, Plaintiff rehashes the legal theories regarding a suit to

quiet title. (ECF Doc. No. 33).

### C.  The Court did not Error in its analysis regarding Plaintiff's cause of action for Reformation

Despite Plaintiff's most recent claims, Plaintiff did indeed move for summary judgment on a reformation cause of action. Plaintiff plead a separate cause for equitable reformation in its Original Claim. (ECF Doc. No. 29). Plaintiff also included its claim for reformation in its Motion for Summary Judgement. (ECF Doc. No. 24). Plaintiff now claims that it did not have notice the Court was going to rule on its separate cause of action for reformation in its order on the Motion for Summary Judgment. (ECF Doc. No. 33). Plaintiff is also claiming that it was not afforded the opportunity to present evidence on a mutual mistake in its reformation cause of action. (ECF Doc. No. 33). However, Plaintiff had the opportunity to include evidence on a mutual mistake.

Therefore, the Court did not Error in its analysis regarding Plaintiff's cause of action for Reformation.

### D.  The Court had the power to render a decision in response to Plaintiff's Motion for Summary Judgement

The purpose of summary judgment is to separate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All facts and evidence must be taken in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006) (citation omitted). Worley v. Webb Consol. Indep. Sch. Dist., No. 5:09-CV-33, 2009 WL 10693906, at *2 (S.D. Tex. Aug. 14, 2009).

Here, the Plaintiff filed a Motion for Summary Judgment. (ECF. Doc. No. 24).  Unlike the case cited by the Plaintiff in its' Motion for Reconsideration, where the court properly concluded that it did not have jurisdiction but granted a summary judgment and dismissed the case with prejudice, this Court did have jurisdiction. (ECF. Doc. No. 33). *See Heaton v. Monogram Credit Card Bank of Georgia,* 231 F.3d 994, 1000 (5th Cir. 2000) ("."). *See also Jabary v. City of Allen,* 547 F. App'x 600, 604-05 (5th Cir. 2013) ("[T]he district court lacked subject matter jurisdiction to hear the issue on the merits and dismissal of a claim against the individual defendants with prejudice is improper."); *Burger v. Military Sea Lift Command,* No. 98-30558, 1999 U.S. App. LEXIS 39913, at *4-5 (5th Cir. June 30, 1999) (district court should have left the plaintiff "an opportunity to refile those claims that were not ultimately considered on the merits by another court"). Further, a "dismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances ... " *Boazman v. Econ. Lab., Inc.,* 537 F.2d 210, 212 (5th Cir. 1976) (citing *Flaksa v. Little River Marine Construction Co.,* 5 Cir., 1968, 389 F.2d 885, 887, *cert. denied,* 392 U.S. 928, 88 S. Ct. 2287, 20 L. Ed. 2d 1387).

Again, Plaintiff cited a case law in its Motion for Consideration that supports this Courts Order in this case. Plaintiff asserted, if a party purports to assert an independent declaratory judgment claim alongside other claims for coercive relief,  it is considered an accompanying claim and will be dismissed when all other pleaded causes of action fail. *Spencer v. Hughes Watters Askanase, LLP,* No. 5:16-CV-062-DAE, 2016 U.S. Dist. LEXIS 53659, at *28 (W.D. Tex. April 21, 2016) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.,* 99 F.3d 746, 752 n. 3 (5th Cir.1996))(declaratory judgment claim properly dismissed with prejudice when plaintiff failed to state claims for suit to quiet title, slander of title, usury, violations of debt collection acts, and more).

Here, Plaintiff failed to state claims for suit to quiet title. Instead, Plaintiff relied on this Court to infer a suit to quiet title.

## IV.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court: deny

Plaintiff's Motion for Reconsideration and award Plaintiff all such other relief, at law and in equity,

to which Plaintiff may be justly entitled.

Respectfully submitted,

By: _Isl Marcella A. Hagger_____
   **MARCELLA A. HAGGER**
   Texas Bar No. 24093491
   mahagger.legal@gmail.com

**LAND LABOR & CAPTIAL, PLLC**
5718 Westheimer Rd. Suite 1000
Houston, TX 77057
Phone: (832) 305-7677

*Attorney for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served via ECF notification on the following counsel of record on August 2, 2024:

Nicholas M. Frame
**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway nframe@mwzmlaw.com

_/s/ Marella A. Hagger_____
**MARCELLA A. HAGGER**